# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Franklin Armory Holdings Inc., a Nevada Corporation, and Franklin Armory Inc., a Nevada Corportation

**DEFENDANTS**
Robert Joseph Gallagher, an individual, and In The Field Defense, a sole proprietorship

**(b)** County of Residence of First Listed Plaintiff: Douglas County, NV
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark W. Halderman, Armstrong Teasdale, LLP, 2005 Market St., Floor 29, Phila., PA 19103, Tel. 267-780-2000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [X] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. § 271

Brief description of cause: Franklin Armory brings this action pursuant to 35 U.S.C. § 271 for damages and injunctive relief due to Defendants' infringement of U.S. Patent No. 10,393,461.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: November 13, 2020

SIGNATURE OF ATTORNEY OF RECORD: /s/ Mark W. Halderman

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Minden, NV__

Address of Defendant: __Philadelphia, PA__

Place of Accident, Incident or Transaction: __Throughout the United States, including Philadelphia, PA__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __November 16, 2020__   /s/ Mark W. Halderman   __307229__
                              *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☒ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Mark W. Halderman__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: __November 13, 2020__   /s/ Mark W. Halderman   __307229__
                              *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN ARMORY HOLDINGS INC., a Nevada Corporation; and FRANKLIN ARMORY INC., a Nevada Corporation,<br><br>                       Plaintiffs,<br><br>vs.<br><br>ROBERT JOSEPH GALLAGHER, an individual; and IN THE FIELD DEFENSE, a sole proprietorship,<br><br>                       Defendants. | CIVIL ACTION NO. 2:20-cv-5681 |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned. SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus- Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (X)

(f) Standard Management - Cases that do not fall into any one of the other tracks. ( )

**Date:** November 13, 2020	**ARMSTRONG TEASDALE LLP**

*/s/ Mark W. Halderman*
By: Mark W. Halderman, PA Bar No.307229
mhalderman@atllp.com
**ARMSTRONG TEASDALE LLP**
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
Telephone: (267) 780-2028

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN ARMORY HOLDINGS INC., a Nevada Corporation; and FRANKLIN ARMORY INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT JOSEPH GALLAGHER, an individual; and IN THE FIELD DEFENSE, a sole proprietorship,<br><br>Defendants. | CIVIL ACTION NO. 2:20-cv-5681<br><br>COMPLAINT FOR PATENT INFRINGEMENT |

Plaintiffs Franklin Armory Holdings Inc. and Franklin Armory Inc. (collectively "Plaintiffs" or "Franklin"), by and through their attorneys of record, hereby file this Complaint for Patent Infringement against Defendants Robert Joseph Gallagher and In The Field Defense (collectively, the "Defendants").

## THE PARTIES

1. Plaintiff Franklin Armory Holdings Inc. ("FAHI") is a corporation organized and existing under the laws of the State of Nevada with its principle place of business in Minden, Nevada.

2. Like FAHI, Plaintiff Franklin Armory Inc. ("FAI") is a corporation organized and existing under the laws of the State of Nevada with its principle place of business in Minden, Nevada. Franklin specializes in manufacturing firearms and firearm accessories for sporting, military, and law enforcement applications.

3. Franklin is informed and believes, and on that basis alleges that Defendant Robert Joseph Gallagher is an individual residing in Philadelphia, Pennsylvania.

4. Franklin is informed and believes, and on that basis alleges that Defendant In The Field Defense ("ITFD") is a sole-proprietorship with its principal place of business at 7328 Hasbrook Avenue, Philadelphia, Pennsylvania, 19111. Franklin is further informed and believes, and on that basis alleges that ITFD is owned, operated, and controlled by Mr. Gallagher. *See*, *e.g.*, Exhibits K, L.

5. Franklin is informed and believes, and on and that basis alleges that Mr. Gallagher, ITFD, or both own and control the website at www.inthefielddefenses.com. Attached hereto as Exhibits A-L and incorporated herein by reference are true and correct copies of printouts of pages from this website.

6. Franklin is informed and believes, and on that basis alleges that ITFD is a business that specializes in selling trigger systems for firearms, among other things. As demonstrated by its website www.inthefielddefenses.com, ITFD and Mr. Gallagher make, use, sell, and offer to sell the ITF Binary trigger system, and various kits and parts associated therewith (collectively "ITF Binary trigger"), for use in various firearms, such as AR-15 pattern rifles and carbines. *See*, *e.g.*, Exhibits A-H, K.

## THE PATENT-IN-SUIT

7. On August 27, 2019, the United States Patent Office duly and legally issued United States Patent No. 10,393,461 ("the '461 patent"), entitled "Trigger Group for Semi-Automatic Firearms." FAHI owns all rights, title, and interest in and to the '461 patent. A true and correct copy of the '461 patent is attached hereto as Exhibit M and is incorporated herein by reference.

8. FAHI has entered into a license agreement with FAI, giving FAI the right to make, use, offer to sell, and sell products that practice the inventions claimed by the '461 patent

in the United States, and the right to enforce the '461 patent against infringers and collect damages for all relevant times.

## JURISDICTION AND VENUE

9. This is an action based on the Defendants' infringement of a United States patent. This Court has exclusive jurisdiction of such action under 28 U.S.C. § 1338(a).

10. This Court has personal jurisdiction over Mr. Gallagher because, on information and belief, he resides in the state of Pennsylvania. On information and belief, Mr. Gallagher has also committed and continues to commit willful acts of infringement in violation of 35 U.S.C. § 271 in Pennsylvania and in this District.

11. Similarly, this Court has personal jurisdiction over ITFD because, on information and belief, ITFD maintains its principal—and only—place of business in Pennsylvania, where it is operated by Mr. Gallagher. On information and belief, ITFD has committed and continues to commit willful acts of infringement in violation of 35 U.S.C. § 271 in Pennsylvania and in this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Mr. Gallagher resides in this District and because ITFD maintains its principal place of business in this District, and because both Defendants offer for sale and sell products that infringe the '461 patent in this District. In addition, a substantial part of the events giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

13. The United States, and many jurisdictions within it, regulate the use and possession of fully automatic firearms, sometimes referred to as machine guns. The National Firearms Act, 26 U.S.C. § 5854(b), defines a "Machine Gun" as "any weapon which shoots, is

designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger."

14. The National Firearms Act, as interpreted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives Technology Branch, defines the pull of a trigger as a function, and the release of the trigger as a second function. As a result, a firearm that fires a shot upon the pull of a trigger and fires a second shot upon the release of a trigger may, if designed correctly, fall outside the Act's definition of Machine Gun.

15. At the time of the '461 patent, existing triggers that fired one round with a trigger pull and a second round with a trigger release ("binary firing") suffered from serious design flaws. U.S. Patent No. 8,667,881 to Hawbacker describes such a trigger system. Among other issues, the lever used to select between semi-automatic and binary firing was located within the trigger guard, increasing the likelihood of accidentally discharging the firearm when switching between firing modes. Additionally, once the trigger was pulled in binary firing mode, the user could not place the firearm into safe mode, making it more difficult and dangerous to avoid firing a second shot upon release of the trigger.

16. Recognizing the need for a new and improved trigger group for semi-automatic firearms with binary firing capability, inventors Ryan Fellows and Jay Jacobson developed a different and innovative alternative. Specifically, their novel trigger system incorporates an adjustable disconnector assembly operably connected to a single selector outside the trigger guard, allowing the user to switch between safe, semi-automatic, and binary firing mode using that single selector.

17. Franklin sells various trigger products that practice the '461 patent. Shortly after the '461 patent issued in August of 2019, Franklin updated the product packaging for these

products and the corresponding product information page on Franklin's webstore to indicate that these products are covered by the '461 patent.

18. On information and belief, the Defendants offer to sell and sell the ITF Binary trigger through their webstore at www.inthefielddefenses.com. *See, e.g.*, Exhibits D-H. The www.inthefielddenses.com website describes the ITF Binary trigger as follows:

> The Multi-trigger can be used as a binary trigger that is ATF compliant, meaning the trigger has 2nd round held back in binary mode. It can be switched back to semi-auto to reset the trigger without the 2nd round firing. The trigger will fire semi-auto when the selector is switched to the semi position and will fire on the pull and release when it is switched to the auto position when it is installed with an M16 selector….[1]

19. On information and belief, the Defendants began offering for sale and selling their ITF Binary trigger in January of 2020, and have continued doing so to the present.

20. Franklin is informed and believes, and on that basis alleges that the Defendants began making and using the ITF Binary trigger at some point months or years prior to January of 2020, and have continued doing so to the present.

21. As stated on the Defendants' website, the Defendants sell some of the ITF Binary triggers as "80% non-functional and uncompleted trigger[s]."[2] Franklin is informed and believes, and on that basis alleges that the Defendants sell the ITF Binary trigger in this form in an effort to circumvent various firearm laws and regulations. Indeed, the Defendants' website states that:

> Because the trigger is sold as a none functioning and uncompleted trigger for hobbyist to make themselves, with their own tools, for

---

[1] *See, e.g.*, Exhibit F.
[2] Exhibit B; *see also* Exhibit A ("Binary Triggers Cannot be shipped to The following states: California, Washington DC, Iowa, North Dakota, New York, New Jersey, Maryland, Washington, Hawaii, Rhode Island, Florida, and Connecticut have laws banning the sale of binary triggers. ***If you live in one of the states listed above, you will be shipped an 80% complete trigger***") (emphasis added).

their own personal use, not for retail sale, it would not violate any federal gun part sales regulations.[3]

22.  The Defendants direct, instruct, encourage, and induce their customers to complete and install the 80% ITF Binary trigger—which, as explained above, is non-functional when sold—to take advantage of its binary firing capability.  For instance, the Defendants' website provides the following instructions:

> The trigger machining process has not been finished, so this is not a functional trigger when you receive it.  The center channel on the trigger that houses the disconnectors is not milled all the way through from the front to the rear and is not a usable trigger with the 2 disconnectors that it comes with.  Purchaser will need to remove the rest of the metal from the rear of the trigger channel by grinder it away to complete the milling process and make this a usable trigger.[4]

23.  The Defendants further direct, instruct, encourage, and induce their customers to complete the 80% ITF Binary trigger in order to render it usable and take advantage of its binary firing capabilities by providing an installation video explaining how to mill the above-described channel and install the trigger system within a firearm.  *See* Exhibit B.

24.  Indeed, according to their website, the Defendants even supply a grinding bit with the 80% version of the ITF Binary trigger for the customer to use in removing the channel:

> When the rest of the channel is complete you will now have a fully functional binary or semi-auto trigger.  Grinding bit comes with the kit and takes 10 mins. or less to finish the machining process.[5]

25.  Multiple customer reviews and customer videos on the Defendants' website confirm—as expected—that the Defendants' customers complete the 80% version of the ITF Binary trigger per the Defendants' instructions and install it into their firearms to take advantage of its binary firing capability.  *See* Exhibits A, J.

---

[3] Exhibit B.
[4] *Id.*
[5] Exhibit B.

26. On information and belief, the Defendants market the ITF Binary trigger to compete directly with Franklin's products in the market for trigger systems with binary firing capabilities. As an example, the Defendants' website includes the following statements within its customer reviews:[6]

> Scott: "The design of your trigger pack is absolutely ingenious, installed easier than any of the other binary triggers I have, and have had zero issues so far."
>
> Gary: "The only regret I have Is spending $400.00 ON a Franklin BFS iii a couple of years ago. Installed yours in about 20 minutes, headed for the gun club, put it on a 5.56 cal11.5" upper Faxon bbl  w/mid length gas Spikes adj gas block First 30 rd mag ran flawless I've been waiting for a simple system and I found it (unlike the Franklin with all little springs sliders ect.) I'm 72 yrs old and don't intend to put up with any BS from gangsta punks!"
>
> Dan: "Put this in my AR-9 and it ran flawless. Exceeded all my expectations this is the best binary trigger on the market."

27. Franklin is informed and believes, and on that basis alleges that the ITF Binary trigger qualifies as an illegal machine gun under Federal firearms laws and regulations. Franklin is also informed and believes, and on that basis alleges that, by not complying with Federal firearms laws and regulations, the Defendants are able to produce the ITF Binary trigger at a lower cost. On information and belief, Franklin has suffered and will continue to suffer irreparable harm by having to compete in the binary trigger market with a product that not only utilizes Franklin's patented trigger system, but also reduces its cost by implementing that patented system in a manner that does not comply with Federal law.

28. Franklin provided the Defendants with actual notice of the '461 patent and their infringement thereof, including in a letter from Franklin's counsel on October 14, 2019, a true and correct copy of which is attached hereto as Exhibit N and incorporated herein by reference.

---

[6] Exhibit A.

In conjunction therewith, Franklin made multiple attempts to enter into good faith discussions with the Defendants in an effort to resolve this matter outside of litigation.

29.    Unfortunately, despite these efforts, the Defendants have continued to willfully infringe the '461 patent.

**FIRST CLAIM FOR RELIEF**
**(Direct Infringement of U.S. Patent No. 10,393,461)**

30.    The allegations of paragraphs 1 through 29 are incorporated by reference herein and realleged.

31.    The Defendants have directly infringed and continue to directly infringe at least claims 1, 7, 8, 11, and 15 of the '461 patent by making, using, offering to sell, and selling the completed versions of the ITF Binary triggers. The Defendants' infringing activities violate 35 U.S.C. § 271.

32.    The Defendants' infringement of the '461 patent has been and continues to be intentional, willful, and without regard to Franklin's rights. The Defendants gained actual knowledge of the '461 patent and their infringement thereof, including from Franklin's October 14, 2019 letter[7] and Franklin's other direct communications with the Defendants. The Defendants also gained actual knowledge of the '461 patent and their infringement thereof through the filing of this Complaint.

33.    Franklin is informed and believes, and on that basis alleges that the Defendants have wrongfully gained profits by virtue of their infringement of the '461 patent.

34.    Franklin has sustained damages as a direct and proximate result of the Defendants' direct infringement of the '461 patent. The Defendants are, thus, liable to Franklin in an amount that adequately compensates Franklin for the Defendants' infringement, which, by

---

[7] Exhibit N.

law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

35. The Defendants' infringement of the '461 patent has caused, and continues to cause, irreparable harm to Franklin for which there is no adequate remedy at law. For example, if the Defendants' infringement is allowed to continue, Franklin will—on information and belief—be forced to compete in the binary trigger market against a cheaper, illegal product, which could harm Franklin's business and reputation to an extent that is not possible to fully quantify. Further, on information and belief, licensing the Defendants to practice the '461 patent in exchange for a royalty would exacerbate this harm by associating Franklin's brand with the illegal ITF Binary trigger. On information and belief, the Defendants will continue their infringing conduct and will continue to cause irreparable harm to Franklin unless they are enjoined from doing so by this Court.

36. Upon information and belief, the Defendants' direct infringement of the '461 patent was and is willful and deliberate, entitling Franklin to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.

**SECOND CLAIM FOR RELIEF**
**(Indirect Infringement of U.S. Patent No. 10,393,461)**

37. The allegations of paragraphs 1 through 36 are incorporated by reference herein and realleged.

38. The Defendants have actively induced others to infringe the '461 patent in violation of 35 U.S.C. § 271(b), and continue to do so. As explained above, the Defendants offer to sell and sell some of the ITF Binary triggers in the non-functional "80%" form. In doing so, the Defendants advertise the trigger's binary firing capabilities. The Defendants induce their customers to directly infringe at least claims 1, 7, 8, 11, and 15 of the '461 patent by, for

example: (a) providing written and video instructions directing the customers to complete the 80% ITF Binary trigger and install it into a firearm, thereby enabling its advertised binary firing capability; and (b) providing a grinding bit with the 80% ITF Binary trigger for the customer to use in completing the trigger.  *See*, *e.g.*, Exhibits I, B.

39. The Defendants knew or should have known that these activities would cause their customers to directly infringe the '461 patent, including because Franklin repeatedly notified the Defendants of the '461 patent and their infringement thereof.

40. The Defendants' acts also constitute contributory infringement of at least claims 1, 7, 8, 11, and 15 of the '461 patent in violation of 35 U.S.C. § 271(c).  Specifically, upon information and belief, the 80% version of the ITF Binary trigger: (a) constitutes a material component of the trigger group covered by these claims; (b) is specially adapted for use in the infringing system, as known by the Defendants; and (c) is not a staple article or commodity of commerce suitable for substantial non-infringing uses.  For example, as stated on the Defendants' website, the 80% version of the ITF Binary trigger is not functional until it is modified to enable its binary firing functionality.  *See* Exhibits B.  Further, upon information and belief, the Defendants' actual and potential customers would not purchase the ITF Binary trigger, which cost many times more than a standard trigger, unless they intended to take advantage of its advertised infringing binary firing functionality.

41. Upon information and belief, most if not all of the Defendants' customers complete the 80% version of the ITF Binary trigger as directed by the Defendants and use it within firearms in the United States, thereby directly infringing the asserted claims of the '461 patent.  The Defendants knew or should have known that their offer to sell and sale of the 80% version of the ITF Binary trigger would constitute an act of indirect infringement, including

because Franklin provided actual notice of the '461 patent and the Defendants' infringement thereof.

42. Franklin is informed and believes, and on that basis alleges that the Defendants have wrongfully gained profits by virtue of their indirect infringement of the '461 patent.

43. The aforementioned acts of infringement by the Defendants and their customers have caused damages to Franklin. The Defendants are therefore liable to Franklin in an amount that adequately compensates Franklin for the Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

44. The Defendants' indirect infringement of the '461 patent has caused, and continues to cause, irreparable harm to Franklin for which there is no adequate remedy at law. For example, if the Defendants' infringement is allowed to continue, Franklin will—on information and belief—be forced to compete in the binary trigger market against a cheaper, illegal product, which could harm Franklin's business and reputation to an extent that is not possible to fully quantify. Further, on information and belief, licensing the Defendants to practice the '461 patent in exchange for a royalty would exacerbate this harm by associating Franklin's brand with the illegal ITF Binary trigger. On information and belief, the Defendants will continue their infringing conduct and will continue to cause irreparable harm to Franklin unless they are enjoined from doing so by this Court.

45. Upon information and belief, the Defendants' indirect infringement of the '461 patent was and is willful and deliberate, entitling Franklin to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Franklin prays for the following relief:

1. A judgment that the '461 patent is valid and enforceable;

2. A judgment that the Defendants have infringed one or more claims of the '461 patent;

3. An order and judgment enjoining the Defendants, and any officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, from further acts of infringement of the '461 patent;

4. A judgment awarding Franklin all damages adequate to compensate it for the Defendants' infringement, and in no event less than a reasonable royalty for the Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

5. A judgment awarding Franklin all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

6. A judgment that this is an exceptional case and an award to Franklin of its costs and reasonable attorneys' fees incurred in this action, as provided by 35 U.S.C. § 285; and

7. Such other relief as this Court deems just and proper.

| | |
|---|---|
| Dated: November 13, 2020 | **ARMSTRONG TEASDALE LLP**<br><br> */s/ Mark W. Halderman*<br>By: Mark W. Halderman, PA Bar No.307229<br>mhalderman@atllp.com<br>**ARMSTRONG TEASDALE LLP**<br>2005 Market Street<br>29th Floor, One Commerce Square<br>Philadelphia, PA 19103<br>Telephone: (267) 780-2028<br><br>and<br><br>Jeffrey M. Ratinoff, CA Bar No. 197241<br>(*pro hac vice forthcoming*)<br>jratinoff@hopkinscarley.com<br>Christopher A. Hohn, CA Bar No. 271759<br>(*pro hac vice forthcoming*)<br>chohn@hopkinscarley.com<br>**HOPKINS & CARLEY,**<br>**A Law Corporation**<br>The Letitia Building<br>70 South First Street<br>San Jose, CA 95113<br>Telephone: (408) 286-9800<br><br>*Attorneys for Plaintiffs Franklin Armory Holdings, Inc. and Franklin Armory, Inc.* |