IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANKLIN ARMORY HOLDINGS, INC., and
FRANKLIN ARMORY, INC.,
    *Plaintiffs,*

v.

ROBERT JOSEPH GALLAGHER, and IN THE FIELD DEFENSE,
    *Defendants.*

CIVIL ACTION

No. 2o-5681

### SCHEDULING ORDER

AND NOW, this 9th day of July 2o21, the Court, having considered the Parties' Joint Proposed Scheduling Order and good cause appearing, hereby orders as follows:

| Deadline | Item |
| --- | --- |
| **June 1, 2021** (7 days before Rule 16) | Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| **July 1, 2021** (2 weeks after Rule 16) | Deadline for Motions to Transfer. |
| **August 5, 2021** (7 weeks after Rule 16) | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| **August 19, 2021** (9 weeks after Rule 16) | Parties exchange claim terms for construction. |
| **September 2, 2021** (11 weeks after Rule 16) | Parties exchange proposed claim constructions. |
| **September 9, 2021** (12 weeks after Rule 16) | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the patties shall also provide a summary of the witness's expected testimony including the opinions to be expressed and a |

| | |
|---|---|
| | general description of the basis and reasons therefor. A failure to summarize the potential expert testimony in a good faith, informative fashion may result in the exclusion of the proffered testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| **September 16, 2021** (13 weeks after Rule 16) | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| **December 16, 2021** (14 weeks after Rule 16 [Due to one of Plaintiffs' counsel going on paternity leave, the parties agree to move this date and the subsequent dates out approximately 90 days]) | Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite. The impact of all proposed claim constructions also must be included in the opening claim construction briefs. |
| **January 6, 2022** (17 weeks after Rule 16 + 90) | Parties file Responsive claim construction briefs. |
| **January 20, 2022** (19 weeks after Rule 16 + 90) | Parties file Reply claim construction briefs. |
| **January 27, 2022** (20 weeks after Rule 16 + 90) | Parties submit Joint Claim Construction Statement. In addition to filing, the parties shall jointly submit, via USB drive, Dropbox (not another cloud storage), or email to the law clerk, pdf versions of all as-filed briefing and exhibits. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 24 weeks after Rule 16 + 90 days (**March 2, 2022**, or as soon as practicable). | Markman Hearing at [9:00 a.m. or 1:00 p.m.] |
| 1 week after Markman hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after Markman hearing | Deadline to add parties. |
| 8 weeks after Markman hearing | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to |

| | |
|---|---|
| | seasonably amend if new information is identified after initial contentions. |
| 12 weeks after Markman hearing | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. |
| 30 weeks after Markman hearing | Close of Fact Discovery. |
| 31 weeks after Markman hearing | Opening Expert Reports. |
| 35 weeks after Markman hearing | Rebuttal Expert Reports. |
| 38 weeks after Markman hearing | Close of Expert Discovery. |
| 39 weeks after Markman hearing | Deadline to meet and confer to discuss narrowing the number of claims asserted and prior art references at issue. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after Markman hearing | Dispositive motion deadline and *Daubert* motion deadline. |
| 42 weeks after Markman hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 44 weeks after Markman hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after Markman hearing | Serve objections to rebuttal disclosures and File Motions *in limine*. |
| 46 weeks after Markman hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| 47 weeks after Markman hearing | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 3 business days before Final Pretrial Conference | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 49 weeks after Markman hearing (or as soon as practicable) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the Markman Hearing. |
| 52 weeks after Markman hearing (or as soon as practicable) | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the Markman Hearing. |

Date: 7/9/2021

APPROVED BY THE COURT:

By: /s/ Chad F. Kenney
Hon. Chad Kenney
UNITED STATES DISTRICT JUDGE