IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN ARMORY HOLDINGS, INC., a Nevada Corporation; and FRANKLIN ARMORY, INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT JOSEPH GALLAGHER, an individual; and IN THE FIELD DEFENSE, a sole proprietorship,<br><br>Defendants. | CIVIL ACTION NO. 2:20-CV-5681 |

**JOINT STIPULATION GOVERNING ELECTRONIC DISCOVERY**

Plaintiffs, Franklin Armory Holdings, Inc. and Franklin Armory, Inc. (together, the "Plaintiffs"), and Defendants, Robert Joseph Gallagher and In The Field Defense, a sole proprietorship (n/k/a In The Field Defense LLC) (together, the "Defendants"), having completed their Rule 26(f) conference and discussed the discovery of ESI, it is hereby stipulated, by and between counsel for Plaintiffs and counsel for Defendants, that:

    1.    **Exchange of e-discovery materials.** On July 30, 2021, the parties shall exchange the following information:

        a.    A list of the three (3) most likely custodians of electronic materials relevant to the parties' respective claims and defenses, including a brief description of each person's title and responsibilities;

        b.    A general description of the email system(s) used by the parties and any email address(es) used by the custodians identified pursuant to Paragraph 1.a. from the date they claimed to have conceived of their respective binary trigger designs;

    c. Other pertinent information about the parties' respective ESI and whether any ESI relevant to the parties' claims and defenses are of limited accessibility including, for example, ESI created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost or ESI which may be subject to Non-Disclosure Agreements (NDAs) or other restrictions on transferability;

    d. A general description of the parties' electronic document retention policies including whether there exists any formalized statement regarding document retention policies;

    e. the name of the individual who shall serve as the party's "e-discovery liaison;" and

    f. A description of any problems reasonably anticipated to arise in connection with e-discovery.

  2. **Retention**.  The parties shall segregate and preserve the integrity of all relevant electronic documents held in the possession of their respective three (3) most likely custodians of electronic materials.  Each party shall immediately, if they have not already done so, take steps to ensure that e-mail of the identified custodians shall not be permanently deleted in the ordinary course of business and that electronic documents maintained by the individual custodians shall not be altered.  Within seven (7) days of identifying the relevant document custodians, each party's counsel shall file a statement of compliance.

  3. **E-discovery liaison**. To promote communication and cooperation between the parties, each party shall designate a single individual through whom all e-discovery requests and responses are made ("the e-discovery liaison"). Regardless of whether the e-discovery liaison is an attorney (in-house or outside counsel), a third-party consultant, or an employee of the party, he or she must be:

      a.      knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues;

      b.      prepared to participate in e-discovery dispute resolutions; and

      c.      responsible for organizing the party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

      4.      **Search methodology and limits.**  The parties acknowledge that the Court's Scheduling Order does not require general search and production of email or other electronically stored information (ESI).  However, the parties also acknowledge that emails and ESI may be relevant to the issues of direct and indirect infringement, damages and invalidity.  As such, requests for production seeking emails and ESI shall be narrowly tailored for these specific issues, rather than general discovery.  Email production requests shall also identify the custodian, and time frame.

The parties agree to meet and confer over the use of search tools and terms before any particular tool or methodology is applied.  The producing party will initially propose search terms for the consideration of the requesting party.  Proposed search terms will be subject to negotiation with and input from the requesting party.  The requesting party may ask for (and the producing party will not unreasonably withhold) qualitative and quantitative information regarding search methodology, including but not limited to, production of search term hit reports, and associated testing and validation to be conducted after the methodology is implemented.

Agreement on a search methodology does not relieve a party of its obligation under the Federal Rules of Civil Procedure to conduct a reasonable search and produce all relevant and responsive documents of which a party is aware, regardless of whether the documents contain search terms agreed to by the parties.  To the extent a party is aware of non-duplicative documents that are relevant, responsive, non-privileged, and reasonably accessible, such

3

documents will be produced regardless of whether they contain search terms or some other search methodology agreed to by the parties or ordered by the Court.

     5.     **Timing of e-discovery**. Discovery of electronic documents shall proceed in the following sequenced fashion and in accordance with the discovery schedule entered by the Court:

        a.     after receiving requests for production seeking ESI, within fourteen (14) days the producing party shall propose search terms as providing in Paragraph 4.

        b.     after agreeing on the selection of search terms as previously described, the responding party shall search their documents, other than those identified as limited accessibility electronic documents, and produce responsive electronic documents in accordance with Fed. R. Civ. P. 26(b)(2);

        c.     if any search terms result in a disproportional amount of hits, the parties shall meet and confer on additional limiting terms or other means to narrow the search parameters; and,

        d.     on-site inspections of electronic media under Fed. R. Civ. P. 34(b) shall not be permitted, absent exceptional circumstances where good cause and specific need have been demonstrated.

     6.     **Format**.  The format of production of ESI shall be as follows:

        a.     The parties have exchanged documents outlining their preferred format for the production of ESI.  The parties will make good faith efforts to provide a load file with each production that is consistent with those preferences.

        b.     Unless otherwise agreed or addressed herein, the parties shall produce ESI as PDFs with full-text extraction, or OCR text files, and DAT load files.  The parties agree that when a PDF image file is produced, the producing party must preserve the integrity of the

electronic document's contents, i.e., the original formatting of the document, its metadata and, where applicable, its revision history.

   c. Standalone database files, such as Microsoft Excel or Access files, shall be produced in native format unless the file requires redaction.  Likewise, voicemail, text messages, instant chat messages, social network communications and data located on cloud storage shall be produced as native files with Bates numbers identified in the native file title.  The metadata associated with such files shall not be removed from any native file prior to production.

   d. Videos and similar media file shall be produced as MP4 files.

   e. The parties agree that emails will be produced as PDFs with all associated metadata.  All emails within an exchange or "thread" shall be separately produced where available.  All attachments to an email must also be produced with that email, unless privilege is claimed by the producing party.  For email threads and attachments only, Parent-child relationships (association between an attachment and/or subsequent email response and its parent document) shall be preserved.  The attachment(s) and subsequent responses within an email thread shall be produced adjacent to the parent document, in terms of Bates numbers, with any attachment(s) being named with the next sequential number after the parent, and any subsequent email response(s) being sequentially numbered after any such attachment(s).

   f. The parties shall meet and confer on the production of any electronic data that is either not easily converted to PDF, cannot be practically produced as a native file, such as CAD and CAM drawings, webpages and websites, or is not reasonably accessible.

  7. **Privilege**. Electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production. All copies shall be returned or destroyed by the receiving party.

8. **Costs.** Generally, the costs of discovery shall be borne by each party. However, the Court will apportion the costs of e-discovery upon a showing of good cause.

| ARMSTRONG TEASDALE LLP | ARCHER & GREINER, P.C. |
|---|---|
| By: */s/ Mark W. Halderman*<br>Mark W. Halderman, Esquire<br>2005 Market Street<br>29th Floor, One Commerce Square<br>Philadelphia, PA 19103<br>Telephone: (267) 780-2028<br>mhalderman@atllp.com<br><br>Attorneys for Plaintiffs Franklin Armory Holdings, Inc. and Franklin Armory, Inc. | By: */s/ Richard P. Gilly*<br>Richard P. Gilly, Esquire<br>Three Logan Square<br>1717 Arch Street, Suite 3500<br>Philadelphia, PA 19103<br>Telephone: (215) 963-3300<br>rgilly@archerlaw.com<br><br>Attorneys for Robert Joseph Gallagher, an individual and In The Field Defense, a sole proprietorship (n/k/a In The Field Defense, LLC) |

HOPKINS & CARLEY

By: */s/ Jeffrey M. Ratinoff*
   Jeffrey M. Ratinoff, Esquire
   Christopher A. Hohn, Esquire
   The Letitia Building
   70 South First Street
   San Jose, California 95113
   Telephone: (408) 286-9800
   jratinoff@hopkinscarley.com
   chohn@hopkinscarley.com

   Attorneys for Plaintiffs Franklin Armory Holdings, Inc. and Franklin Armory, Inc.

APPROVED BY THE COURT:

By: /s/ Chad F. Kenney
   Hon. Chad Kenney
   UNITED STATES DISTRICT JUDGE

DATE: 08/12/2021