# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANKLIN ARMORY HOLDINGS, INC., a Nevada Corporation; and FRANKLIN ARMORY, INC., a Nevada Corporation, | CIVIL ACTION NO. 2:20-CV-5681 |
| Plaintiffs, | |
| v. | |
| ROBERT JOSEPH GALLAGHER, an individual; and IN THE FIELD DEFENSE, a sole proprietorship, | |
| Defendants. | |

## SUR-REPLY TO THE MOTION OF RICHARD P. GILLY, ESQ., TREVOR J. COONEY, JR., ESQ., AND KATE A. SHERLOCK, ESQ. TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS

Plaintiffs Franklin Armory Holdings, Inc. and Franklin Armory, Inc. (collectively, "Plaintiffs") respectfully submit the following Sur-Reply to address several legal and factual inaccuracies concerning the status of In The Field Defense, LLC as a party to this action, as well as what actually transpired and was discussed during the parties' recent meet and confer discussion concerning Defendants' deficient Invalidity Contentions. Plaintiffs also seek address Defense Counsel's false accusations of *ad hominin* attacks purportedly made by Counsel for Plaintiffs. Plaintiffs also object to Defense Counsel's attempt to assert additional arguments supporting a separately filed motion to stay. Plaintiffs do not concede these arguments are meritorious and will address them in due course via Plaintiffs' forthcoming opposition to that motion.

### A.    In The Field Defense, LLC is a Defendant in this Action

Defense Counsel argues that there is no issue with Defendants representing themselves because In the Field Defense, LLC is not a party to this action. This directly contradicts their prior

representations to Plaintiffs' Counsel and their filings with the Court.  Plaintiffs originally filed their complaint against Defendant Robert Gallagher and In The Field Defense, which was a sole proprietorship operated by Mr. Gallagher.  Shortly after Plaintiffs filed their complaint, Mr. Gallagher stealthily formed a Limited Liability Company in the same name on or about November 25, 2020, and In The Field Defense, LLC took over the manufacturing and sale of the accused products. *See* Doc. No. 1, ¶ 4 *and* Doc. No. 43-1, ¶¶ 4-5, Exh. 2.

It was not until the parties' discussions over Defendants' request for an extension of time to respond to the Complaint in late January 2021 that Defense Counsel disclosed to Plaintiffs the formation of the LLC.  Declaration of Jeffrey Ratinoff ("Ratinoff Decl."), ¶ 3, Exh. 1.  Notably, the draft stipulation sent by Defense Counsel identified the defendants as Robert Joseph Gallagher *and In The Field Defense, LLC*.  *Id.* ¶ 4, Exh. 2.  To ensure there was no misunderstanding that *In The Field Defense, LLC* was now a defendant as the successor entity to the sole proprietorship, Plaintiffs specifically requested that this be reflected in the stipulation.  *Id.*, Exh. 3 and Doc. No. 5.  Defense Counsel agreed and revised the stipulation accordingly.  *Id.*  This is further reflected in both the original and amended answers filed by Defendants, which specifically identify Defendants as "Robert Joseph Gallagher and *In The Field Defense, a sole proprietorship (n/k/a In The Field Defense, LLC) ("ITFD") (together, the 'Defendants')* hereby respond to the Complaint of Plaintiffs…."  Doc. No. 14, p. 1 and Doc. No. 17, p. 1 (emphasis added).  Thus, Defense Counsel and their clients are now estopped from taking a contrary position.

Defense Counsel's argument also puts form over substance as In The Field Defense, LLC is the real party in interest.  It is well established under Fed.R.Civ.P. 25(c) that where a party to a lawsuit assigns or otherwise transfers its interest during the course of the proceedings, a motion may be made to substitute the assignee.  *See Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13

F.3d 69, 71-72 (3rd Cir. 1993); *see also Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1262 (Fed. Cir. 1985) (joinder of accused infringer's successor-in-interest under Rule 25(c) proper when transfer occurred during pendency of suit); *accord Crucible, Inc. v. Stora Kopparbergs Bergslags AB*, 701 F. Supp. 1157, 1169-70 (W.D. Pa. 1988) (ordering joinder of successor-operator of the assets used to produce infringing products under Rule 25(c)).  Thus, Defense Counsel cannot merely rely on the case caption to argue that all Defendants can be legally represented *pro se* by Mr. Gallagher.

### B. Defense Counsel Fails to Address the Irreparable Harm that Plaintiffs Would Incur in Producing Attorneys' Eyes Only Documents to Mr. Gallagher

One of the critical issues raised by Plaintiffs is the conundrum they would be placed in if they were required to produce Attorneys' Eyes Only material directly to Mr. Gallagher.  Defense Counsel simply claims it is "hypothetical" without actually addressing the irreparable harm that Plaintiffs will suffer as a direct result of Mr. Gallagher proceeding pro se, and spend the majority of their brief trying to convince the Court Mr. Gallagher is more than capable of representing himself.  Doc. No. 49, p. 8.  Defense Counsel's argument that "Plaintiffs have not identified a single document or category of documents that could not be adequately protected with the 'Confidential' designation and appropriate redactions" is equally specious.  *Id.*

Notably, Defense Counsel does not dispute that the parties are direct competitors, and is experienced enough to know that a patentee must invariably produce highly confidential and competitively sensitive information to bolster its case.  Indeed, Defense Counsel recently signed onto the Stipulated Protective Order recognizing this fact. Doc. No. 48, §§ 2.8, 7.3.  As with any patent case, Plaintiffs will need to produce proprietary design and manufacturing documents reflecting commercial embodiments of the patented inventions, as well as highly confidential sales and marketing data to support their damages claim.  In their attempt to abandon their client,

Defense Counsel offers no meaningful explanation as to why Plaintiffs should be put in the impossible position of either producing such highly confidential materials to their competitor, or risk violating their disclosure obligations and being unable to rely upon such materials at trial.

### C.   Defense Counsel Has Not Adequately Addressed Defendants' Deficient Invalidity Contentions and Misrepresents Plaintiffs' Position Thereon

Defense Counsel falsely accuses Plaintiffs' Counsel of engaging in an *ad hominin* attack because they raised the issue of Defense Counsel's prior refusal to meet and confer.  It is worth noting that Defense Counsel only agreed to meet and confer *after* the Court issued an order requiring Defendants to explain why Plaintiffs would not be prejudiced by their withdrawal. *Compare* Doc. No. 44 *and* Ratinoff Decl., ¶ 6, Exh. 4 at p. 2.

What is troubling is that Defense Counsel is misrepresenting what transpired during the parties' September 1, 2021 meet and confer call.  Plaintiffs never took the position that Defendants were required to disclose "all documents" showing the operation of the accused products. *See* Declaration of Mark Halderman ("Halderman Decl.") ¶ 7; Ratinoff Decl., ¶¶ 10-11, Exh. 5. Rather, they pointed out that Defendants had not produced *any such documents* as required, and requested that Defendants produce CAD files and similar documents *sufficient to show* the operation of each such accused product. *Id.*  The continued failure to produce such documents, which Defendants previously admitted to having within their possession, custody or control, has prejudiced and will continue to prejudice Plaintiffs.  Such documents are directly relevant to claim construction as they may contain evidence refuting Defendants' disclosure of the claim terms in the '461 Patent they contend are indefinite. *See* Doc. No. 49-1, Exh. B.

Finally, Defense Counsel fails to address the Court's request that Defendants' explain their failure to produce "any evidence to support certain positions taken or timely stipulate to dismissal of those positions." Doc. No. 44. While it is true that Defense Counsel reconfirmed that Defendants

do not have any documentary evidence to support their prior derivation defense, there is much more that was discussed by counsel on this issue.  Halderman Decl., ¶¶ 2-6; Ratinoff Decl., ¶¶ 7-9, Exh. 5.  Plaintiffs' Counsel reminded them that Mr. Gallagher's testimony alone could not meet the clear and convincing evidentiary standard that applies to such an invalidity defense. *Id., see, e.g. Carella v. Starlight Archery and Pro Line Co*., 804 F.2d 135, 138 (Fed. Cir. 1986) (recognizing that uncorroborated oral testimony to prove prior invention is not considered to be probative).

Even still, Defendants were required to disclose this testimony in their invalidity contentions, including the specifics as to how it pertains to each element of each asserted claim of the '461 Patent.  Doc. No. 16, p. 2 at ¶ 6; Doc. No. 43-1, ¶ 6.  They also failed to identify the five individuals to whom Mr. Gallagher purportedly sold the accused device between 2011 and 2019 (Doc. No. 17, p. 23 at ¶ 9) or explain when and how each such sale took place.  Ratinoff Decl., ¶¶ 8-9; Halderman Decl., ¶¶ 5-6.  When pressed, Defense Counsel confirmed that they did not have such evidence, and admitted that they failed to get it from Defendants prior to adding those allegations to Defendants' Amended Answer and Counterclaims.  *Id.*  Defense Counsel seemed agitated when reminded that Rule 11 required them to obtain this information from their client ***prior to asserting the defense***, and yet still refused to stipulate to the dismissal of this defense.  *Id.*

The prejudice from the continued assertion of this meritless invalidity defense is two-fold.  First, Plaintiffs should not have to incur the expense of litigating what is clearly a baseless invalidity defense with a pro se defendant who will not understand its legal deficiencies. Second, the failure to disclose the details of this testimony and provide a claim chart purporting to show how this prior art reads on each and every claim element impacts claim construction.  Indeed, it remains unclear how Defendants can maintain that certain claim terms are indefinite while also claiming that Mr. Gallagher previously sold a product embodying the claimed inventions.

5

Dated: September 7, 2021

ARMSTRONG TEASDALE LLP


By: */s/ Mark W. Halderman*
    Mark W. Halderman, Esquire
    2005 Market Street
    29th Floor, One Commerce Square
    Philadelphia, PA 19103
    Telephone:  (267) 780-2028
    mhalderman@atllp.com

    Attorney for Plaintiffs Franklin Armory
    Holdings, Inc. and Franklin Armory, Inc.


HOPKINS & CARLEY


By: */s/ Jeffrey M. Ratinoff*
    Jeffrey M. Ratinoff, Esquire
    Robert K. Jain, Esquire
    The Letitia Building
    70 South First Street
    San Jose, California 95113
    Telephone:  (408) 286-9800
    jratinoff@hopkinscarley.com
    rjain@hopkinscarley.com

    Attorneys for Plaintiffs Franklin Armory
    Holdings, Inc. and Franklin Armory, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANKLIN ARMORY HOLDINGS INC., a Nevada Corporation; and FRANKLIN ARMORY INC., a Nevada Corporation,<br><br>                              Plaintiffs,<br><br>vs.<br><br>ROBERT JOSEPH GALLAGHER, an individual; and IN THE FIELD DEFENSE, a sole proprietorship,<br><br>                              Defendants. | CIVIL ACTION NO. 2:20-CV-5681 |

**DECLARATION OF MARK W. HALDERMAN IN SUPPORT OF PLAINTIFFS' SUR-REPLY IN OPPOSITION TO THE MOTION OF RICHARD P. GILLY, ESQ., TREVOR J. COONEY, JR., ESQ., AND KATE A. SHERLOCK, ESQ. TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT**

I, Mark W. Halderman, being of full age, hereby certify to the following:

1.      I am a partner with the law firm of Armstrong Teasdale LLP, and attorney of record for Plaintiffs Franklin Armory Holdings Inc. and Franklin Armory Inc. (collectively "Plaintiffs") in the above-captioned matter. Based on my own personal knowledge, I make this declaration in support of Plaintiffs' Sur-Reply in Opposition to the Motion of Richard P. Gilly, Esq., Trevor J. Cooney, Jr., Esq., and Kate A. Sherlock, Esq. to Withdraw as Counsel of Record for Defendants Robert Joseph Gallagher and In The Field Defense ("Defendants").

2.      On September 1, 2021, the parties held a meet and confer concerning deficiencies in Defendants' invalidity contentions. In addition to myself, Jeffrey Ratinoff and Robert Jain were in attendance on behalf of Plaintiffs and Richard Gilly was in attendance for Defendants.

3.      During the meet and confer, we expressed significant concerns with Defendants' invalidity contentions—we by no means launched any sort of *ad hominem* attack on Defense counsel, as they suggested in the Reply. Mr. Gilly took the position that the omission of previously

1

identified alleged prior art (i.e., Hawbaker, Horch, Young, and Defendants' alleged prior invention) from Defendants' invalidity contentions did not waive Defendants' right to later assert any invalidity positions based upon these references. We disagreed and expressed our position that since these references were known to Defendants at the time they served their contentions, any such claims/defenses have been waived.

4.      We further disagreed with Mr. Gilly's position that the invalidity contentions—which are only 4 pages long and include no claim charts for any section 102 or 103 assertions—can be freely amended in the future despite Defendants' failure to complete a reasonable prior art investigation and timely exchange meaningful contentions in good faith.

5.      Mr. Gilly also confirmed that Defendants do not have any documentary evidence supporting their prior derivation invalidity defense and that Defendants intend to rely solely on the testimony of Mr. Gallagher to support this contention. We indicated that testimony alone falls well short of what is required under Federal Circuit precedent, and that in any event, Defendants were required to disclose this and provide some details regarding how that invalidates the '461 Patent in their contentions. Consequently, we explained that it was Plaintiffs' position that this defense has been waived.

6.      Further, Mr. Gilly confirmed that he did do not know the identities of the five (5) individuals who purportedly purchased Defendants' alleged prior art device between 2011 and 2019 as alleged in Defendants' Amended Answer and Counterclaims.  Plaintiffs indicated that the Court made clear at the Rule 16 conference that all such evidence was to be disclosed in Defendants' invalidity contentions, and thus this raised concerns that there was no colorable basis to allege such facts in Defendants' Amended Answer and Counterclaims.

7.      We also requested that Defendants produce technical documents (including, without limitation, CAD files and CNC schematics) sufficient to show the operation of each of the accused devices identified in Plaintiffs' preliminary infringement contentions – as required by the Court's Scheduling Order.  At no time did we ask Defendants to produce all such documents.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.


*/s/ Mark W. Halderman*
Dated: September 7, 2021                    Mark W. Halderman

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANKLIN ARMORY HOLDINGS INC., a Nevada Corporation; and FRANKLIN ARMORY INC., a Nevada Corporation,<br><br>                          Plaintiffs,<br><br>vs.<br><br>ROBERT JOSEPH GALLAGHER, an individual; and IN THE FIELD DEFENSE, a sole proprietorship,<br><br>                          Defendants. | CIVIL ACTION NO. 2:20-CV-5681 |

**DECLARATION OF JEFFREY M. RATINOFF IN SUPPORT OF PLAINTIFFS' SUR-REPLY IN OPPOSITION TO THE MOTION OF RICHARD P. GILLY, ESQ., TREVOR J. COONEY, JR., ESQ., AND KATE A. SHERLOCK, ESQ. TO WITHDRAW AS <u>COUNSEL OF RECORD FOR DEFENDANT</u>**

I, Jeffrey M. Ratinoff, being of full age, hereby certify to the following:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of California and admitted pro hac vice in this District, and am of counsel with Hopkins & Carley, a Law Corporation, attorney of record for Plaintiffs Franklin Armory Holdings Inc. and Franklin Armory Inc. (collectively "Plaintiffs") in the above-captioned matter.

2.      Based on my own personal knowledge, I make this declaration in support of Plaintiffs' Sur-Reply in Opposition to the Motion of Richard P. Gilly, Esq., Trevor J. Cooney, Jr., Esq., and Kate A. Sherlock, Esq. to Withdraw as Counsel of Record for Defendants Robert Joseph Gallagher and In The Field Defense (collectively "Defendants").

3.      Attached hereto as **Exhibit 1** is a true and correct copy of a January 28, 2021 email I received from Kate Sherlock, which attached a draft joint stipulation to extend the time for Defendants to respond to the Complaint filed in this action.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of the draft joint stipulation prepared by Counsel for Defendants, which was attached to Ms. Sherlock's aforementioned January 28, 2021 email, that identifies In The Field Defense, LLC as one of the Defendants.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of a further January 28, 2021 email exchange between Ms. Sherlock and Christopher Hohn, who was counsel for Plaintiffs at that time, wherein Defense Counsel agreed to identify both In The Field Defense as a sole proprietorship and In The Field Defense, LLC as Defendants.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of an email exchange between Mr. Gilly and Robert Jain, counsel for Plaintiffs, reflecting Plaintiffs' efforts to schedule a meet and confer regarding the deficiencies in Defendants' invalidity contentions.

7.      On September 1, 2021, the parties held a meet and confer concerning deficiencies in Defendants' invalidity contentions.  In addition to myself, Mark Halderman and Robert Jain were in attendance on behalf of Plaintiffs and Richard Gilly was in attendance for Defendants.

8.      During the meet and confer, we expressed significant concerns with Defendants' invalidity contentions, including with Defendants' affirmation that they had no documentary evidence supporting their prior derivation invalidity defense and their continuing refusal to waive or dismiss that defense.  It was during this call that Mr. Gilly revealed that Defendants intended to rely solely on the testimony of Mr. Gallagher to support this contention.  We reminded Mr. Gilly that an accused infringer's testimony alone falls well short of what is required under Federal Circuit precedent.  Nonetheless, we indicated that Defendants were required to disclose this in their invalidity contentions and provide the specifics as to how the devices allegedly sold before the priority date of the '461 Patent pertains to each element of each asserted claim of the '461

Patent.  Consequently, Plaintiffs explained it was their position that this defense was waived, and should be dismissed.

9.      We also noted that Defendants failed to identify the five (5) individuals who purportedly purchased Defendants' alleged prior art device between 2011 and 2019 as alleged in Defendants' Amended Answer and Counterclaims.  We reminded Mr. Gilly that the Court made clear at the Rule 16 conference Defendants must disclose all such evidence in their invalidity contentions.  When asked whether Defense Counsel had possession of such information, Mr. Gilly surprisingly admitted they did not, and when pressed further, admitted that they had not obtained that information from Mr. Gallagher prior to filing their Amended Answer and Counterclaims.  Mr. Gilly refused to further discuss the issue after I indicated Plaintiffs had serious concerns that Defense Counsel had not complied with their Rule 11 obligations with respect to that pleading.  Mr. Gilly then hastily cut off the conversation on that topic.

10.     We also raised the issue of Defendants' failure to produce technical documents showing the operation of each of the accused devices.  Mr. Gilly initially took the position that they were not necessary since the accused product was a simple device.  In response, I noted that this did not excuse Defendants from their obligation to comply with the Court's requirement that they produce technical documents ***sufficient to show the operation*** of each of the accused devices.  I further explained that Plaintiffs knew that such documents existed based on Mr. Gallagher's prior representation to Plaintiffs that he had worked with a CNC manufacturer on a prototype for the accused products sometime in 2019.  This meant that there would necessarily be CAD files and schematics sufficient to show the design and operation of each of the accused devices identified in Plaintiffs' preliminary infringement contentions, which should have been produced.

11.     A true and correct copy of an email sent by Robert Jain summarizing what Plaintiffs' understanding of what was discussed at the September 1, 2021 meet and confer conference is attached hereto as **Exhibit 5**.  Mr. Jain asked that Mr. Gilly confirm whether there were any inaccuracies, and Mr. Gilly responded to this email, stating that "It is inaccurate in several respects. I will get back to you as to how shortly."  As of the time of this Declaration, Mr. Gilly has yet to indicate what was inaccurately represented in Mr. Jain's email.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.


                                              */s/ Jeffrey M. Ratinoff*
Dated: September 7, 2021                       Jeffrey M. Ratinoff

# EXHIBIT 1

**Jeffrey M. Ratinoff**

| | |
|---|---|
| **From:** | Sherlock, Kate A. <ksherlock@archerlaw.com> on behalf of Sherlock, Kate A. |
| **Sent:** | Thursday, January 28, 2021 9:56 AM |
| **To:** | Christopher Hohn |
| **Cc:** | rgilly@archerlaw.com; Jeffrey M. Ratinoff; MHalderman@atllp.com |
| **Subject:** | [EXT MAIL] RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599] |
| **Attachments:** | (220188863 – 2) - 2021.01.28 Stipulation of Time to Respond.DOC |

Chris,

As promised, attached please find a draft joint stipulation.  Please let me know if this is acceptable to Plaintiffs.

Thank you,
Kate

**Kate A. Sherlock, Esq.**

Archer & Greiner P.C.
One Centennial Square
Haddonfield, NJ 08033
856-673-3919
ksherlock@archerlaw.com
www.archerlaw.com



---

**From:** Sherlock, Kate A.
**Sent:** Wednesday, January 27, 2021 9:41 PM
**To:** 'Christopher Hohn' <chohn@hopkinscarley.com>
**Cc:** Gilly, Richard P. <rgilly@archerlaw.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Mark Halderman <MHalderman@atllp.com>
**Subject:** RE: [EXT MAIL] RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599]

Chris,

Thank you for the extension and the documents.  I'll send a proposed joint stipulation for your review tomorrow.

Kate

---

**From:** Christopher Hohn <chohn@hopkinscarley.com>
**Sent:** Wednesday, January 27, 2021 3:21 PM
**To:** Sherlock, Kate A. <ksherlock@archerlaw.com>
**Cc:** Gilly, Richard P. <rgilly@archerlaw.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Mark Halderman <MHalderman@atllp.com>

1

**Subject:** RE: [EXT MAIL] RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599]

Kate,

Thank you for speaking with my yesterday.  As I mentioned during our call, Franklin Armory notified Mr. Gallagher and In the Field Defense that their binary trigger products were infringing in 2019 and tried repeatedly to resolve this matter outside of litigation.  Franklin also provided Mr. Gallagher with a draft courtesy copy of the complaint in October, before filing.  Additionally, Franklin provided Mr. Gallagher with a courtesy copy of the filed complaint in November.  At this point, Mr. Gallagher and In The Field Defense have had more than sufficient time to prepare a response to the complaint, and Franklin Armory wants to avoid any more unnecessary delay.  Nevertheless, as a professional courtesy, Franklin is willing to agree to a 15-day extension.  Assuming that's acceptable, please prepare a joint stipulation for our review.

You mentioned on the call that you had not yet received the documents from your clients, including the proposed stipulated judgment that Franklin provided to Mr. Gallagher.  As another professional courtesy, attached please find some of our correspondence with Mr. Gallagher, along with the proposed stipulated judgment.

Thank you, and please let me know if you have any questions.

Best,

-Chris Hohn

---

**From:** Sherlock, Kate A. <ksherlock@archerlaw.com>
**Sent:** Monday, January 25, 2021 4:30 PM
**To:** Christopher Hohn <chohn@hopkinscarley.com>
**Cc:** Gilly, Richard P. <rgilly@archerlaw.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Mark Halderman <MHalderman@atllp.com>
**Subject:** Re: [EXT MAIL] RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599]

Chris,

Sure. I'm available tomorrow at 1:30 pm EST. Please call me on my direct: 856-673-3919.

Thanks,
Kate

Sent from my iPhone



Kate A. Sherlock, Esq.

Archer & Greiner P.C.
One Centennial Square
Haddonfield, NJ 08033
856-673-3919
ksherlock@archerlaw.com

www.archerlaw.com<http://www.archerlaw.com/>

[https://www.archerlaw.com/wp-content/uploads/2018/05/Archer_Logo_168x46.jpg]

On Jan 25, 2021, at 6:34 PM, Christopher Hohn <chohn@hopkinscarley.com> wrote:

Kate,

Nice to meet you. Do you have time tomorrow for a phone call to discuss the requested extension? I have availability from 9:00 a.m. to 11:00 a.m. Pacific (12:00 p.m. to 2:00 p.m. Eastern). I also have some time after 1:00 p.m. Pacific (4:00 p.m. Eastern).

Thanks,

-Chris Hohn

From: Mark Halderman <MHalderman@atllp.com>
Sent: Friday, January 22, 2021 10:59 AM
To: Sherlock, Kate A. <ksherlock@archerlaw.com>
Cc: Gilly, Richard P. <rgilly@archerlaw.com>; Christopher Hohn <chohn@hopkinscarley.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
Subject: RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599]

Hi Kate,

Thanks for the email. Chris Hohn and Jeff Ratinoff (CC'ed) are lead counsel in this case. I'll defer to them on Defendants' request for an extension. Thanks,

Mark

***********************PRIVATE AND CONFIDENTIAL***********************
This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by e-mail (admin@armstrongteasdale.com<mailto:admin@armstrongteasdale.com>) or telephone (314-621-5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it.

From: Sherlock, Kate A. [mailto:ksherlock@archerlaw.com]
Sent: Friday, January 22, 2021 1:40 PM
To: Mark Halderman
Cc: Gilly, Richard P.
Subject: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681

CAUTION:

EXTERNAL EMAIL


Good afternoon, Mr. Halderman,

Archer and Greiner has just been retained by Mr. Robert Gallagher in connection with the above-captioned matter. I am reaching out to request Plaintiffs' consent to a 30-day extension for Defendants to respond to the Complaint. Please let me know if this is acceptable and I will prepare the joint stipulation.

Thank you,
Kate



Kate A. Sherlock, Esq.

Archer & Greiner P.C.
One Centennial Square
Haddonfield, NJ 08033
856-673-3919
ksherlock@archerlaw.com<mailto:ksherlock@archerlaw.com>
www.archerlaw.com<http://www.archerlaw.com/>

[https://www.archerlaw.com/wp-content/uploads/2018/05/Archer_Logo_168x46.jpg]

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

---

_

Any tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.
If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto. For more information about Hopkins & Carley, visit us at http://www.hopkinscarley.com/.


INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ,

DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANKLIN ARMORY HOLDINGS, INC., a Nevada Corporation; and FRANKLIN ARMORY, INC., a Nevada Corporation, | CIVIL ACTION NO. 2:20-CV-5681 |
| Plaintiffs, | |
| v. | |
| ROBERT JOSEPH GALLAGHER, an individual; and IN THE FIELD DEFENSE, a sole proprietorship, | |
| Defendants. | |

---

**JOINT STIPULATION FOR EXTENSION OF TIME
FOR DEFENDANTS TO RESPOND TO PLAINTIFFS' COMPLAINT**

---

It is hereby stipulated, by and between counsel for Plaintiffs, Franklin Armory Holdings, Inc. and Franklin Armory, Inc. (together, the "Plaintiffs"), and counsel for Defendants, Robert Joseph Gallagher and In The Field Defense, LLC (together, the "Defendants"), that the time within which Defendants may respond to Plaintiff's Complaint shall be extended to February 18, 2021.  It is certified that no previous extension has been agreed upon or granted.

ARMSTRONG TEASDALE LLP

By: _____
    Mark W. Halderman, Esquire
    2005 Market Street
    29th Floor, One Commerce Square
    Philadelphia, PA 19103
    Telephone:  (267) 780-2028
    mhalderman@atllp.com

    Attorneys for Plaintiffs Franklin Armory
    Holdings, Inc. and Franklin Armory, Inc.

ARCHER & GREINER, P.C.

By: _____
    Richard P. Gilly, Esquire
    Kate A. Sherlock, Esquire
    Three Logan Square
    1717 Arch Street, Suite 3500
    Philadelphia, PA 19103
    Telephone:  (215) 963-3300
    Facsimile:  (215) 963-9999
    rgilly@archerlaw.com
    ksherlock@archerlaw.com

    Attorneys for Robert Joseph Gallagher, an
    individual and In The Field Defense, LLC

HOPKINS & CARLEY

By: _____
    Jeffrey M. Ratinoff, Esquire
    Christopher A. Hohn, Esquire
    The Letitia Building
    70 South First Street
    San Jose, California 95113
    Telephone:  (408) 286-9800
    jratinoff@hopkinscarley.com
    chohn@hopkinscarley.com

    Attorneys for Plaintiffs Franklin Armory
    Holdings, Inc. and Franklin Armory, Inc.

APPROVED BY THE COURT:


By: _____
    Hon. Chad Kenney
    UNITED STATES DISTRICT JUDGE

220188863v2

2

# EXHIBIT 3

**Jeffrey M. Ratinoff**

| | |
|---|---|
| **From:** | Sherlock, Kate A. <ksherlock@archerlaw.com> on behalf of Sherlock, Kate A. |
| **Sent:** | Thursday, January 28, 2021 11:19 AM |
| **To:** | Christopher Hohn |
| **Cc:** | rgilly@archerlaw.com; Jeffrey M. Ratinoff; MHalderman@atllp.com |
| **Subject:** | [EXT MAIL] RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599] |
| **Attachments:** | (220188863 – 2) - 2021.01.28 Stipulation of Time to Respond.DOC |

Chris,

I agree with you.  A revised version is attached.

**Kate A. Sherlock, Esq.**

Archer & Greiner P.C.
One Centennial Square
Haddonfield, NJ 08033
856-673-3919
ksherlock@archerlaw.com
www.archerlaw.com



---

**From:** Christopher Hohn <chohn@hopkinscarley.com>
**Sent:** Thursday, January 28, 2021 1:49 PM
**To:** Sherlock, Kate A. <ksherlock@archerlaw.com>
**Cc:** Gilly, Richard P. <rgilly@archerlaw.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Mark Halderman <MHalderman@atllp.com>
**Subject:** RE: [EXT MAIL] RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599]

Kate,

Thank you.  One potential issue: The stipulation identifies the defendants as Robert Joseph Gallagher and In The Field Defense LLC.  As you noted on our call, the complaint identifies the defendants as Mr. Gallagher and In The Field Defense, a sole proprietorship.  It is our understanding that Mr. Gallagher did not form the LLC until November 25, 2020 (after the complaint was filed).  To avoid any confusion, we think it makes sense to include the sole proprietorship in the stipulation as well.

Best,

-Chris Hohn

---

**From:** Sherlock, Kate A. <ksherlock@archerlaw.com>
**Sent:** Thursday, January 28, 2021 9:55 AM

**To:** Christopher Hohn <chohn@hopkinscarley.com>
**Cc:** Gilly, Richard P. <rgilly@archerlaw.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Mark Halderman <MHalderman@atllp.com>
**Subject:** RE: [EXT MAIL] RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599]

Chris,

As promised, attached please find a draft joint stipulation.  Please let me know if this is acceptable to Plaintiffs.

Thank you,
Kate


**Kate A. Sherlock, Esq.**

Archer & Greiner P.C.
One Centennial Square
Haddonfield, NJ 08033
856-673-3919
ksherlock@archerlaw.com
www.archerlaw.com



---

**From:** Sherlock, Kate A.
**Sent:** Wednesday, January 27, 2021 9:41 PM
**To:** 'Christopher Hohn' <chohn@hopkinscarley.com>
**Cc:** Gilly, Richard P. <rgilly@archerlaw.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Mark Halderman <MHalderman@atllp.com>
**Subject:** RE: [EXT MAIL] RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599]

Chris,

Thank you for the extension and the documents.  I'll send a proposed joint stipulation for your review tomorrow.

Kate

---

**From:** Christopher Hohn <chohn@hopkinscarley.com>
**Sent:** Wednesday, January 27, 2021 3:21 PM
**To:** Sherlock, Kate A. <ksherlock@archerlaw.com>
**Cc:** Gilly, Richard P. <rgilly@archerlaw.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Mark Halderman <MHalderman@atllp.com>
**Subject:** RE: [EXT MAIL] RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599]

Kate,

Thank you for speaking with my yesterday.  As I mentioned during our call, Franklin Armory notified Mr. Gallagher and In the Field Defense that their binary trigger products were infringing in 2019 and tried repeatedly to resolve this matter outside of litigation.  Franklin also provided Mr. Gallagher with a draft courtesy copy of the complaint in October, before filing.  Additionally, Franklin provided Mr. Gallagher with a courtesy copy of the filed complaint in November.  At this point, Mr. Gallagher and In The Field Defense have had more than sufficient time to prepare a response to the complaint, and Franklin Armory wants to avoid any more unnecessary delay.  Nevertheless, as a professional courtesy, Franklin is willing to agree to a 15-day extension.  Assuming that's acceptable, please prepare a joint stipulation for our review.

You mentioned on the call that you had not yet received the documents from your clients, including the proposed stipulated judgment that Franklin provided to Mr. Gallagher.  As another professional courtesy, attached please find some of our correspondence with Mr. Gallagher, along with the proposed stipulated judgment.

Thank you, and please let me know if you have any questions.

Best,

-Chris Hohn

---

**From:** Sherlock, Kate A. <ksherlock@archerlaw.com>
**Sent:** Monday, January 25, 2021 4:30 PM
**To:** Christopher Hohn <chohn@hopkinscarley.com>
**Cc:** Gilly, Richard P. <rgilly@archerlaw.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Mark Halderman <MHalderman@atllp.com>
**Subject:** Re: [EXT MAIL] RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599]

Chris,

Sure. I'm available tomorrow at 1:30 pm EST. Please call me on my direct: 856-673-3919.

Thanks,
Kate

Sent from my iPhone

Kate A. Sherlock, Esq.

Archer & Greiner P.C.
One Centennial Square
Haddonfield, NJ 08033
856-673-3919
ksherlock@archerlaw.com
www.archerlaw.com<http://www.archerlaw.com/>

[https://www.archerlaw.com/wp-content/uploads/2018/05/Archer_Logo_168x46.jpg]

On Jan 25, 2021, at 6:34 PM, Christopher Hohn <chohn@hopkinscarley.com> wrote:

Kate,

Nice to meet you. Do you have time tomorrow for a phone call to discuss the requested extension? I have availability from 9:00 a.m. to 11:00 a.m. Pacific (12:00 p.m. to 2:00 p.m. Eastern). I also have some time after 1:00 p.m. Pacific (4:00 p.m. Eastern).

Thanks,

-Chris Hohn

From: Mark Halderman <MHalderman@atllp.com>
Sent: Friday, January 22, 2021 10:59 AM
To: Sherlock, Kate A. <ksherlock@archerlaw.com>
Cc: Gilly, Richard P. <rgilly@archerlaw.com>; Christopher Hohn <chohn@hopkinscarley.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
Subject: RE: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681 [IWOV-IDOCS.FID4021599]

Hi Kate,

Thanks for the email. Chris Hohn and Jeff Ratinoff (CC'ed) are lead counsel in this case. I'll defer to them on Defendants' request for an extension. Thanks,

Mark

***********************PRIVATE AND CONFIDENTIAL***********************
This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by e-mail (admin@armstrongteasdale.com<mailto:admin@armstrongteasdale.com>) or telephone (314-621-5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it.

From: Sherlock, Kate A. [mailto:ksherlock@archerlaw.com]
Sent: Friday, January 22, 2021 1:40 PM
To: Mark Halderman
Cc: Gilly, Richard P.
Subject: Franklin Armory Holdings, Inc. et al., v. Robert Gallagher et al., 2:20-cv-05681

CAUTION:

EXTERNAL EMAIL

Good afternoon, Mr. Halderman,

Archer and Greiner has just been retained by Mr. Robert Gallagher in connection with the above-captioned matter. I am reaching out to request Plaintiffs' consent to a 30-day extension for Defendants to respond to the Complaint. Please let me know if this is acceptable and I will prepare the joint stipulation.

Thank you,
Kate



Kate A. Sherlock, Esq.

Archer & Greiner P.C.
One Centennial Square
Haddonfield, NJ 08033
856-673-3919
ksherlock@archerlaw.com<mailto:ksherlock@archerlaw.com>
www.archerlaw.com<http://www.archerlaw.com/>

[https://www.archerlaw.com/wp-content/uploads/2018/05/Archer_Logo_168x46.jpg]

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

---

–

Any tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.
If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto. For more information about Hopkins & Carley, visit us at http://www.hopkinscarley.com/.


INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| FRANKLIN ARMORY HOLDINGS, INC., a Nevada Corporation; and FRANKLIN ARMORY, INC., a Nevada Corporation, | CIVIL ACTION NO. 2:20-CV-5681 |
| Plaintiffs, | |
| v. | |
| ROBERT JOSEPH GALLAGHER, an individual; and IN THE FIELD DEFENSE, a sole proprietorship, | |
| Defendants. | |

---

**JOINT STIPULATION FOR EXTENSION OF TIME**
**FOR DEFENDANTS TO RESPOND TO PLAINTIFFS' COMPLAINT**

---

It is hereby stipulated, by and between counsel for Plaintiffs, Franklin Armory Holdings, Inc. and Franklin Armory, Inc. (together, the "Plaintiffs"), and counsel for Defendants, Robert Joseph Gallagher and In The Field Defense, a sole proprietorship (n/k/a In The Field Defense LLC) (together, the "Defendants"), that the time within which Defendants may respond to Plaintiff's Complaint shall be extended to February 18, 2021.  It is certified that no previous extension has been agreed upon or granted.

ARMSTRONG TEASDALE LLP

By: _____
    Mark W. Halderman, Esquire
    2005 Market Street
    29th Floor, One Commerce Square
    Philadelphia, PA 19103
    Telephone:  (267) 780-2028
    mhalderman@atllp.com

    Attorneys for Plaintiffs Franklin Armory
    Holdings, Inc. and Franklin Armory, Inc.

ARCHER & GREINER, P.C.

By: _____
    Richard P. Gilly, Esquire
    Kate A. Sherlock, Esquire
    Three Logan Square
    1717 Arch Street, Suite 3500
    Philadelphia, PA 19103
    Telephone:  (215) 963-3300
    Facsimile:  (215) 963-9999
    rgilly@archerlaw.com
    ksherlock@archerlaw.com

    Attorneys for Robert Joseph Gallagher, an
    individual and In The Field Defense, a
    sole proprietorship

HOPKINS & CARLEY

By: _____
    Jeffrey M. Ratinoff, Esquire
    Christopher A. Hohn, Esquire
    The Letitia Building
    70 South First Street
    San Jose, California 95113
    Telephone:  (408) 286-9800
    jratinoff@hopkinscarley.com
    chohn@hopkinscarley.com

    Attorneys for Plaintiffs Franklin Armory
    Holdings, Inc. and Franklin Armory, Inc.

APPROVED BY THE COURT:

By: _____
    Hon. Chad Kenney
    UNITED STATES DISTRICT JUDGE

220188863v2

2

# EXHIBIT 4

**Jeffrey M. Ratinoff**

| | |
|---|---|
| **From:** | Robert K. Jain |
| **Sent:** | Friday, August 27, 2021 9:23 AM |
| **To:** | Gilly, Richard P.; Franchetti, Nicholas T.; Cooney, Trevor J. |
| **Cc:** | Jeffrey M. Ratinoff; mhalderman@atllp.com |
| **Subject:** | RE: Proposed Global Meet and Confer -  Franklin Armory Inc. et al. v. Gallagher, et al., E.D. Pa., Case No. 2:20-cv-5681 |

Richard,

Thank you for finally responding to our three-week old request to meet and confer.  You provided very specific times, none of which we are available.  If you have some other availability between 9:00 am PDT and 11:30 pm PDT on September 1st please let us know.

Thank you,

**Robert K. Jain**
Associate

## hopkins carley

**Hopkins & Carley** | A Law Corporation
San Jose | Palo Alto

70 South First Street | San Jose, CA 95113
Direct: 408.299.1445 | Main: 408.286.9800
Fax: 408.998.4790
**rjain@hopkinscarley.com**

hopkinscarley.com

---

**From:** Gilly, Richard P. <rgilly@archerlaw.com>
**Sent:** Thursday, August 26, 2021 12:57 PM
**To:** Robert K. Jain <rjain@hopkinscarley.com>; Franchetti, Nicholas T. <nfranchetti@archerlaw.com>; Cooney, Trevor J. <tcooney@archerlaw.com>
**Cc:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; mhalderman@atllp.com
**Subject:** Proposed Global Meet and Confer - Franklin Armory Inc. et al. v. Gallagher, et al., E.D. Pa., Case No. 2:20-cv-5681

Plaintiffs' Counsel,
We are available for the global meet and confer you suggested below, at 3 pm Eastern on either August 30, 31 or Sept 1. Please advise.

**Richard P. Gilly, Esq.**

Archer & Greiner P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
215-246-3112

1

rgilly@archerlaw.com
www.archerlaw.com



---

**From:** Robert K. Jain <rjain@hopkinscarley.com>
**Sent:** Thursday, August 19, 2021 12:10 PM
**To:** Gilly, Richard P. <rgilly@archerlaw.com>; Franchetti, Nicholas T. <nfranchetti@archerlaw.com>; Cooney, Trevor J. <tcooney@archerlaw.com>
**Cc:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; mhalderman@atllp.com
**Subject:** [EXT MAIL] RE: Response to your Email of Aug 13, 2021: Franklin Armory Inc. et al. v. Gallagher, et al., E.D. Pa., Case No. 2:20-cv-5681

Richard,

Do Defendants intend to continue the assertion of their prior derivation defense, yes or no?  Your contentions do not answer this very simple question, and thus we ask that it be clearly answered.

Additionally, we believe a global meet and confer over the parties' respective contentions would make the most sense.  We note that Defendants' preliminary invalidity contentions failed include technical documents sufficient to show the operation of the accused products.  We understand that such documents, including CAD files for both the prototype for the ITFD trigger that existed in 2019 and the later production versions exist.  Yet, Defendants inexplicable failed to produce such documents.  Also, I would remind you that per the Court's Order Governing Proceedings the parties are to first meet and confer, and then raise any unresolved issues via a conference with the Court before rushing to file a motion to compel.

Last, please provide us with a copy of Mr. Gallagher's email correspondence to the Court as referenced in the Court's August 13, 2021 notice.  Such ex parte communications are not privileged and Plaintiffs should have received a copy pursuant to the Court's Standing Order re Policies and Procedures for Counsel.

Regards,


**Robert K. Jain**
Associate

## hopkins carley

**Hopkins & Carley** | A Law Corporation
San Jose | Palo Alto
70 South First Street | San Jose, CA 95113
Direct: 408.299.1445 | Main: 408.286.9800
Fax: 408.998.4790
**rjain@hopkinscarley.com**

hopkinscarley.com

---

**From:** Gilly, Richard P. <rgilly@archerlaw.com>
**Sent:** Thursday, August 19, 2021 4:34 AM
**To:** Robert K. Jain <rjain@hopkinscarley.com>; Franchetti, Nicholas T. <nfranchetti@archerlaw.com>; Cooney, Trevor J. <tcooney@archerlaw.com>
**Cc:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; mhalderman@atllp.com

**Subject:** RE: Response to your Email of Aug 13, 2021: Franklin Armory Inc. et al. v. Gallagher, et al., E.D. Pa., Case No. 2:20-cv-5681

Dear Plaintiffs' counsel,

To the extent Plaintiffs' long and convoluted email below sets out statements, characterizations, or stipulations as to any facts or circumstances, or seeks to bind, obligate or otherwise constrain Defendants as to any position or cause of action, the foregoing are denied and rejected.  Defendants' Preliminary Invalidity Contentions as filed speak for themselves.

Without waiver, we shall advise you of a mutually convenient meet and confer date as to the inadequacies of your Preliminary Infringement Contentions in advance of the filing of any Motion regarding same.

**Richard P. Gilly, Esq.**

Archer & Greiner P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
215-246-3112
rgilly@archerlaw.com
www.archerlaw.com



---

**From:** Robert K. Jain <rjain@hopkinscarley.com>
**Sent:** Wednesday, August 18, 2021 4:27 PM
**To:** Gilly, Richard P. <rgilly@archerlaw.com>; Franchetti, Nicholas T. <nfranchetti@archerlaw.com>; Cooney, Trevor J. <tcooney@archerlaw.com>
**Cc:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; mhalderman@atllp.com
**Subject:** [EXT MAIL] RE: Response to your Email of Aug 13, 2021: Franklin Armory Inc. et al. v. Gallagher, et al., E.D. Pa., Case No. 2:20-cv-5681

Dear Counsel,

Thank you for clarifying Defendants' invalidity position.  Based on your representation that "Defendants are not making prior-art based invalidity contentions . . . in this litigation at this time," it is our understanding that Defendants will not further pursue any § 102 or § 103 invalidity theories that rely on any prior art referenced in Defendants' Amended Answer and Counterclaims, including U.S. Patent Nos. 8,667,881 ("Hawbaker"), 9,719,744 ("Horch"), and 2,027,950 ("Young"), and/or Defendants' prior conception claims.  Please notify us immediately if we have misunderstood Defendants' position in any respect so that these positions can be clarified before the parties' exchange of proposed claim terms.

Assuming our understanding is correct, we believe a joint stipulation removing these counterclaims and defenses from the case is appropriate at this time in order to narrow the issues before the Court and promote judicial economy.  To the extent Defendants are unwilling to enter such a stipulation, we trust that Defendants will comply with their continuing obligations under Rule 11 to not litigate these invalidity theories previously alleged in their Amended Answer and Counterclaim as such an attempt would be unmeritorious or frivolous in view of their more recent invalidity

position.  *See* Fed.R.Civ.P. 11(b), Notes of the Advisory Committee on Rules, 1993 Amendments ("a litigant's obligations with respect to the contents of [papers filed with the court] are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they have ceased to have any merit"); *see also Hanoverian Inc. v. Pa. Dept. of Envtl Prot.,* Civ. A. No. 07-658, 2008 WL 906545 (M.D.Pa. March 31, 2008) (sanctioning a party for continuing to advocate claims full of gross misrepresentations of the law after learning of these numerous deficiencies).  Any attempt to reassert a claim or defense based upon Defendants' alleged prior conception also would violate the Court's express instruction during the June 17, 2021 pre-trial conference directing Defendants to produce all evidence substantiating such positions prior to claim construction.  *See* Dkt. 36, p. 18, lines 1-13 ("[The Court:] . . . with the invalidity contentions, defendant is going to come through with the prior art including the 2011 development through 2015 of his own client on accused product.").

With regard to Defendants' request to meet and confer concerning Plaintiffs' Preliminary Infringement Contentions, we are available on Friday, August 20, 2021 between 10:30 am – 1:30 pm PT (1:30 pm – 4:30 pm ET) and on Monday, August 24, 2021 between 9 am – 12 pm PT (12 pm – 3 pm ET).  Please let us know which of these times you are available to meet.  In the interest of having a productive meet and confer, please identify what information Defendants' believe is missing from Plaintiffs' contentions before our meeting.

Regards,

**Robert K. Jain**
Associate

**hopkins carley**

**Hopkins & Carley** | A Law Corporation
San Jose | Palo Alto
70 South First Street | San Jose, CA 95113
Direct: 408.299.1445 | Main: 408.286.9800
Fax: 408.998.4790
**rjain@hopkinscarley.com**

hopkinscarley.com

---

**From:** Gilly, Richard P. <rgilly@archerlaw.com>
**Sent:** Monday, August 16, 2021 12:35 PM
**To:** Robert K. Jain <rjain@hopkinscarley.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; mhalderman@atllp.com
**Cc:** Cooney, Trevor J. <tcooney@archerlaw.com>; Franchetti, Nicholas T. <nfranchetti@archerlaw.com>
**Subject:** Response to your Email of Aug 13, 2021: Franklin Armory Inc. et al. v. Gallagher, et al., E.D. Pa., Case No. 2:20-cv-5681

Plaintiffs' Counsel:
Our Preliminary Invalidity Contentions are self-explanatory, namely, that Defendants are not making prior-art based invalidity contentions, such as based on Hawbaker and Horch, in this litigation at this time. Accordingly, no prior-art claim charts are required,  and our document complies with the Order. That fact, however, does not necessitate joint stipulations at this time in this case, especially in view of ongoing discovery of additional facts and circumstances which may lead to invalidating prior art under 35 USC section 102 or 103, such as Plaintiffs' sales of the same or similar triggers prior to the critical date of the '461 Patent.  Furthermore, the meet and confer process is intended in advance of a party's filing a particular motion to discuss potentially avoiding same.  You have not identified any particular motion to discuss.

On the other hand, Plaintiffs' preliminary infringement contentions are incomplete as to the claims allegedly infringed, and your contentions are non-responsive as to the requirement of providing "all documents" evidencing conception and reduction to practice of the "invention."  Accordingly, please advise as to your availability to meet and confer to discuss your intention to provide us the missing information, in order to avoid our filing of a motion to compel production of the missing information required by the Court's Order.

**Richard P. Gilly, Esq.**

Archer & Greiner P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
215-246-3112
rgilly@archerlaw.com
www.archerlaw.com



**From:** Robert K. Jain <rjain@hopkinscarley.com>
**Sent:** Friday, August 13, 2021 3:06 PM
**To:** Gilly, Richard P. <rgilly@archerlaw.com>; Cooney, Trevor J. <tcooney@archerlaw.com>; Franchetti, Nicholas T. <nfranchetti@archerlaw.com>
**Cc:** mhalderman@atllp.com; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Subject:** [EXT MAIL] RE: Franklin Armory Inc. et al. v. Gallagher, et al., E.D. Pa., Case No. 2:20-cv-5681

Counsel,

We understand from the Court's notice filed this afternoon that you intend to withdraw from your representation of Defendants Mr. Gallagher and In The Field Defense.  Until your withdrawal is approved, we expect that you will continue to comply with the scheduling order per the Court's instruction.

To that end, it is essential that the parties meet and confer concerning Plaintiffs' August 6 correspondence regarding Defendants' invalidity contentions before the exchange of claim terms on August 19.  Plaintiffs are available to meet and confer on Monday, August 15 between 11 am–2 pm PT (2 pm–5 pm ET) as well as on Tuesday, August 16 between 1 pm–3 pm PT (4 pm–6 pm ET).

Please confirm which of these times Defendants are available to meet.  If these neither of these times are suitable, please provide alternate times when Defendants are available.

Thank you,

**Robert K. Jain**
Associate

# hopkins carley

**Hopkins & Carley** | A Law Corporation
San Jose | Palo Alto
70 South First Street | San Jose, CA 95113
Direct: 408.299.1445 | Main: 408.286.9800
Fax: 408.998.4790
**rjain@hopkinscarley.com**

hopkinscarley.com

---

**From:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Sent:** Tuesday, August 10, 2021 9:14 AM
**To:** Gilly, Richard P. <rgilly@archerlaw.com>; Cooney, Trevor J. <tcooney@archerlaw.com>; nfranchetti@archerlaw.com
**Cc:** mhalderman@atllp.com; nfranchetti@archerlaw.com; Robert K. Jain <rjain@hopkinscarley.com>
**Subject:** RE: Franklin Armory Inc. et al. v. Gallagher, et al., E.D. Pa., Case No. 2:20-cv-5681

Counsel,

It is not acceptable that Defendants will not "consider" the letter sent last Friday until next week, especially since we need to exchange claim terms on August 19.  We asked whether Defendants will stipulate to the dismissal of their invalidity counterclaim and affirmative defense to the extent that they are based on §§ 101, 102 and 103.  It is difficult to believe that the <u>three</u> attorneys working on this case are too busy to respond to this straight-forward question or cannot meet and confer this week.  Please provide your availability for a meet and confer call, otherwise it appears that we'll need to contact the clerk to schedule a call with the Judge to resolve this issue.

Thanks,
Jeff

---

**From:** Gilly, Richard P. <rgilly@archerlaw.com>
**Sent:** Tuesday, August 10, 2021 8:57 AM
**To:** Robert K. Jain <rjain@hopkinscarley.com>; Cooney, Trevor J. <tcooney@archerlaw.com>
**Cc:** mhalderman@atllp.com; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Subject:** RE: Franklin Armory Inc. et al. v. Gallagher, et al., E.D. Pa., Case No. 2:20-cv-5681

Trevor and I are out of pocket this week and will consider your correspondence next week.

**Richard P. Gilly, Esq.**

Archer & Greiner P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
215-246-3112
rgilly@archerlaw.com
www.archerlaw.com



**From:** Robert K. Jain <rjain@hopkinscarley.com>
**Sent:** Friday, August 6, 2021 5:06 PM
**To:** Gilly, Richard P. <rgilly@archerlaw.com>; Cooney, Trevor J. <tcooney@archerlaw.com>
**Cc:** mhalderman@atllp.com; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Subject:** [EXT MAIL] Franklin Armory Inc. et al. v. Gallagher, et al., E.D. Pa., Case No. 2:20-cv-5681

Counsel:

Please find attached Plaintiffs' correspondence regarding Defendants' Preliminary Invalidity Contentions in the above-captioned matter.

Regards,

**Robert K. Jain**
Associate

**hopkins carley**

**Hopkins & Carley** | A Law Corporation
San Jose | Palo Alto
70 South First Street | San Jose, CA 95113
Direct: 408.299.1445 | Main: 408.286.9800
Fax: 408.998.4790
**rjain@hopkinscarley.com**

hopkinscarley.com

_____

Any tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto. For more information about Hopkins & Carley, visit us at http://www.hopkinscarley.com/.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

# EXHIBIT 5

**Jeffrey M. Ratinoff**

| | |
|---|---|
| **From:** | Robert K. Jain |
| **Sent:** | Wednesday, September 1, 2021 5:07 PM |
| **To:** | Gilly, Richard P.; Cooney, Trevor J. |
| **Cc:** | Jeffrey M. Ratinoff; Mark Halderman |
| **Subject:** | Summary of Parties' Sept. 1st Meet/Confer call |

Richard,

Here is our understanding of the parties' current positions based upon our meet and confer call earlier today.

- Defendants' position is that the omission of the previously identified prior art (i.e., Hawbaker, Horch, Young, and Defendants' alleged prior invention) from Defendants invalidity contentions did not waive Defendants' right to later assert any invalidity claims/defenses based upon these references.  Plaintiffs disagreed and expressed their position that since these were known to Defendants at the time they served their contentions, any such claims/defenses have been waived.
- Defendants confirmed that they do not have any documentary evidence supporting their prior derivation invalidity defense and that Defendants intend to rely solely on the testimony of Mr. Gallagher to support this contention.  Plaintiffs indicated that testimony alone falls well short of what is required under Federal Circuit precedent, and that in any event, Defendants were required to disclose this and provide some details regarding how that invalidates the '461 Patent in their contentions.  Consequently, it is Plaintiffs' position that this defense has been waived.
- Defense counsel confirmed that they do not know the identities of the five (5) individuals who purportedly purchased Defendants' alleged prior art device between 2011 and 2019 as alleged in Defendants' Amended Answer and Counterclaims.  Plaintiffs indicated that the Court made clear at the Rule 16 conference that all such evidence was to be disclosed Defendants' preliminary contention, and thus this raised concerns that there was no basis to allege such facts in Defendants' Amended Answer and Counterclaims.
- Plaintiffs requested that Defendants produce technical documents (including, without limitation, CAD files and CNC schematics) sufficient to show the operation of each of the accused devices identified in Plaintiffs' preliminary infringement contentions – i.e., the (a) ITF binary trigger, (b) ITF 80% binary trigger kit, (c) ITF 80% trigger kit for AR 15, AR10, AR9, and AR45, and (d) S&W MP 15-22 80% base binary trigger kit.  Defense Counsel agreed to ask their clients to search for and produce such technical documents as soon as possible.
- Defendants requested clarification on Plaintiffs' infringement position with regard to Claim 15 of the '461 Patent.  Since this was the first time that Defendants raised this issue, Plaintiffs agreed to look into this.  We are now confirming that Plaintiffs are not asserting Claim 15.
- Defendants requested that Plaintiffs produce "all documents evidencing conception and reduction to practice," including any documents created before the priority date of the '461 Patent.  Plaintiffs explained that after a reasonably diligent search, they were unable to locate any such documents predating the filing of the provisional patent (already produced by Plaintiffs) upon which Plaintiffs base the asserted priority date for the '461 Patent.  Moreover, Plaintiffs expressed their position that they are not required to produce any such documents since Plaintiffs do not claim a date of invention earlier than the '461 Patent priority date.
- Last, Plaintiffs requested and Defense counsel agreed to provide to Plaintiffs a copy of the ex parte communications between Defendants and the Court.

Please explain if you believe this summary of our call is inaccurate in any respect.

Thanks,

**Robert K. Jain**
Associate

# hopkins carley

**Hopkins & Carley |** A Law Corporation
San Jose **|** Palo Alto
70 South First Street **|** San Jose, CA 95113
Direct: 408.299.1445 **|** Main: 408.286.9800
Fax: 408.998.4790
**rjain@hopkinscarley.com**

hopkinscarley.com