IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN ARMORY HOLDINGS INC., a Nevada Corporation; and FRANKLIN ARMORY INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT JOSEPH GALLAGHER, an individual; and IN THE FIELD DEFENSE, a sole proprietorship,<br><br>Defendants. | CIVIL ACTION NO. 2:20-CV-5681 |

### DECLARATION OF JEFFREY M. RATINOFF IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION

I, Jeffrey M. Ratinoff, being of full age, hereby certify to the following:

1.  I am an attorney at law, duly licensed to practice before all courts of the State of California and admitted pro hac vice in this District, and am of counsel with Hopkins & Carley, a Law Corporation, attorney of record for Plaintiffs Franklin Armory Holdings Inc. and Franklin Armory Inc. (collectively "Plaintiffs") in the above-captioned matter.

2.  Based on my own personal knowledge, I make this declaration in support of Plaintiffs' Opposition to Defendants Robert Joseph Gallagher's and In The Field Defense's (collectively "Defendants") Motion to Stay Litigation.

3.  I understand that Defendants filed a Request for Ex Parte Reexamination of the '461 Patent with the U.S. Patent and Trademark Office ("USPTO") on or about March 26, 2021. I have reviewed and am familiar with that request, in which Defendants argued that the '461 Patent claims were invalid under 35 U.S.C. § 103 over the combination of U.S. Patent Nos. 8,667,881 ("Hawbaker") and 9,719,744 ("Horch"). I am unware of any attempt by Defendants to inform Plaintiffs of their intent to seek reexamination prior to March 26, 2021. To the best of my

1

knowledge, Defendants first informed Plaintiffs of their filing of the reexamination request on or about April 9, 2021.

4. From the online records maintained by the USPTO, I understand that the USPTO instituted reexamination proceedings on or about April 22, 2021. On April 23, 2021, Defendants informed Plaintiffs that they intended to file a motion for a stay of the litigation pending the reexamination, and asked whether Plaintiffs would join or not oppose. Plaintiffs informed Defendants that they would consider this request and provide Defendants with a response. A true and correct copy of this email is attached hereto as **Exhibit 1**.

5. On June 17, 2021, the parties participated in a Rule 16 pre-trial conference with the Court. A true and correct copy of the transcript of the June 17, 2021 Rule 16 conference is attached hereto as **Exhibit 2**.

6. Plaintiffs filed their response to the non-final Office Action on or about July 30, 2021. A true and correct copy of that response is attached hereto as **Exhibit 3**.

7. Defendants served Plaintiffs with their Preliminary Invalidity Contentions to Plaintiffs on or about August 5, 2021. The next day, Attorney Robert Jain, counsel for Plaintiffs, provided notice to Counsel for Defendants via letter that Defendants' Preliminary Infringement Contentions were deficient under the Court's Order Governing Proceedings and sought clarification regarding Defendants' position with regard to their invalidity theories based upon U.S. Patent Nos. 8,667,881 ("Hawbaker"), 9,719,744 ("Horch"), and 2,027,950 ("Young"), as well as Defendants' invalidity theories based upon the alleged prior conception claims. Attorney Jain additionally proposed multiple dates and times when Plaintiffs were available to meet and confer regarding these issues. Despite repeated efforts by Plaintiffs, Defendants refused to clarify their invalidity position and did not respond to Plaintiffs' requests to meet and confer on this issue.

Attached hereto as **Exhibit 4** is a true and correct copy of an email exchange between Mr. Gilly and Robert Jain, counsel for Plaintiffs, reflecting Plaintiffs' efforts to schedule a meet and confer regarding the deficiencies in Defendants' invalidity contentions.

8.  On August 25, 2021, Defendants filed the Motion to Stay Proceedings pending the resolution of the '461 Patent reexamination. *See* Dkt. No. 45. I am unaware of any attempt made by Defendants to meet and confer with Plaintiffs' prior to their filing of this Motion.

9.  On August 26, 2021, Defendants emailed Plaintiffs' Counsel to offer—for the first time since Plaintiffs' August 6, 2021 correspondence—to meet and confer regarding Plaintiffs' concerns with Defendants' invalidity contentions. Plaintiffs responded the following day and proposed times when Plaintiffs were available to meet. A true and correct copy of this email exchange between Mr. Gilly and Mr. Jain is attached hereto as **Exhibit 5**.

10. On September 1, 2021, the parties held a meet and confer concerning deficiencies in Defendants' invalidity contentions. In addition to myself, Mark Halderman and Robert Jain were in attendance on behalf of Plaintiffs and Richard Gilly was in attendance for Defendants.

11. During the meet and confer, we expressed significant concerns with Defendants' invalidity contentions, including with Defendants' affirmation that they had no documentary evidence supporting their prior derivation invalidity defense and their continuing refusal to waive or dismiss that defense. It was during this call that Mr. Gilly revealed that Defendants intended to rely solely on the testimony of Mr. Gallagher to support this contention. We reminded Mr. Gilly that an accused infringer's testimony alone falls well short of what is required under Federal Circuit precedent. Nonetheless, we indicated that Defendants were required to disclose this in their invalidity contentions and provide the specifics as to how the devices allegedly sold before the priority date of the '461 Patent pertains to each element of each asserted claim of the '461

Patent. Consequently, Plaintiffs explained it was their position that this prior derivation defense was waived, and should be immediately dismissed.

12. We also noted that Defendants failed to identify the five (5) individuals who purportedly purchased Defendants' alleged prior art device between 2011 and 2019 as alleged in Defendants' Amended Answer and Counterclaims. We reminded Mr. Gilly that the Court made clear at the Rule 16 conference that Defendants must disclose all such evidence in their invalidity contentions. When asked whether Defense Counsel had possession of such information, Mr. Gilly surprisingly admitted they did not, and when pressed further, admitted that they had not obtained that information from Mr. Gallagher prior to filing their Amended Answer and Counterclaims.

13. A true and correct copy of an email sent by Attorney Jain summarizing what Plaintiffs' understanding of what was discussed at the September 1, 2021 meet and confer conference is attached hereto as **Exhibit 6**. Mr. Jain asked that Mr. Gilly confirm whether there were any inaccuracies, and Mr. Gilly responded to this email that same day, stating that "It is inaccurate in several respects. I will get back to you as to how shortly." As of the time of this Declaration, Mr. Gilly has yet to indicate what was inaccurately represented in Mr. Jain's email.

14. Claim construction is underway in this proceeding. On August 19, 2021, the parties exchanged proposed terms for claim construction. A true and correct copy of the terms proposed by Plaintiffs is attached hereto as **Exhibit 7A**. A true and correct copy of the terms proposed by Defendants is attached hereto as **Exhibit 7B**. On September 2, 2021, the parties exchanged proposed claim constructions.

15. By September 9, 2021, the parties will disclose extrinsic evidence, including the identity of any expert witnesses. *See* Dkt. No. 33, p. 2. By September 16, 2021, the parties will

meet and confer to narrow terms in dispute and exchange revised lists of claim terms and constructions. *Id.* Opening claim construction briefs are due December 16, 2021. *Id.*

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.


Dated: September 8, 2021

*/s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff