# EXHIBIT 3

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**(Attorney Docket No. FRA-3C-RX)**

In the Application of:

| | |
|---|---|
| | Jay Leonard Jacobson, et al. |
| Application Control No: | 90/014,710 |
| Patent No. | 10,393,461 |
| Art Unit: | 3993 |
| Filed: | March 26, 2021 |
| For: | TRIGGER GROUP FOR SEMI-AUTOMATIC FIREARMS |
| Date: | July 30, 2021 |

**CERTIFICATE OF TRANSMISSION**

I hereby certify that this correspondence is being transmitted via EFS-Web to the United States Patent and Trademark Office on July 30, 2021.

_____
Bennet K. Langlotz
Reg. No. 35,928

## RESPONSE TO OFFICE ACTION

Mail Stop "*Ex Parte* Reexam"
Attn: Central Reexamination Unit
Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Dear Sir:

This paper responds to the non-final Office Action mailed June 3, 2021.

1

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

**REMARKS**

Claims 1-30 remain in the application.  The Patentee respectfully traverses the Examiner's objections under 35 U.S.C. § 103.  For the reasons that follow, the Patentee respectfully requests that the objections be withdrawn.

**Rejections Under 35 U.S.C. § 103(a) – Hawbacker in view of Horch**

On pages 2-13 of the non-final Office Action, independent claims 1 and 7-30 and dependent claims 2-6 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Hawbaker et al. (U.S. Patent No. 8,667,881, hereinafter "Hawbaker") in view of Horch et al. (U.S. Patent No. 9,719,744, hereinafter "Horch").  The Patentee respectfully traverses the rejections for at least the following reasons.

**1.  Legal Standards Applicable to Obviousness Rejections**

In order for a *prima facie* case of obviousness to be established, the Manual of Patent Examining Procedure, Rev. 10, June 2020 ("MPEP") states the following:

> The key to supporting any rejection under 35 U.S.C. 103 is the clear articulation of the reason(s) why the claimed invention would have been obvious.  The Supreme Court in *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418, 82 USPQ2d 1385, 1396 (2007) noted that the analysis supporting a rejection under 35 U.S.C. 103 should be made explicit.  The Federal Circuit has stated that "rejections on obviousness cannot be sustained with mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness."

*See* MPEP § 2142 (citing *In re Kahn*, 441 F.3d 977, 988, 78 USPQ2d 1329, 1336 (Fed.Cir. 2006) and *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. at 418 (quoting Federal Circuit statement with approval)); *see also Rambus Inc. v. Rea*, 731 F.3d 1248, 1255 (Fed. Cir. 2013) (patent holder does not have the burden of proving patent claims were not obvious in patent reexamination proceedings).

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

When making an obviousness rejection, Office personnel must consider each of the factual inquiries enunciated by the Supreme Court in *Graham v. John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966). MPEP § 2141 ("Factual findings made by Office personnel are the necessary underpinnings to establish obviousness"). The Office Action therefore must include "findings of fact concerning the state of the art and the teachings of the references applied." *Id.* "In certain circumstances, it may also be important to include explicit findings as to how a person of ordinary skill would have understood prior art teaching, or what a person of ordinary skill would have known or could have done." *Id.* Further, objective evidence relevant to the issue of obviousness (i.e., "secondary considerations")—such as evidence of commercial success, industry praise, long-felt but unsolved needs, failure of others, and unexpected results—must be evaluated by Office personnel. *Id.*

"[T]he mere fact that references can be combined or modified does not render the resultant combination obvious unless the results would have been predictable to one of ordinary skill in the art." MPEP § 2143.01 (citing *KSR*, 550 U.S. at 417). Thus, in addition to showing that "a person of ordinary skill in the art would have been motivated to combine the prior art to achieve the claimed invention," an obviousness rejection must also demonstrate "there would have been a reasonable expectation of success in doing so." *DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co.*, 464 F.3d 1356, 1360, 80 USPQ2d 1641, 1645 (Fed. Cir. 2006). "If a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, then there is no suggestion or motivation to make the proposed modification." MPEP § 2143.01 (citing *In re Gordon*, 733 F.2d 900, 221 (Fed. Cir. 1984)).

If a *prima facie* case of obviousness is not established, a patentee is under no obligation to submit evidence of nonobviousness:

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

> The examiner bears the initial burden of factually supporting any *prima facie* conclusion of obviousness.  If the examiner does not produce a *prima facie* case, the applicant is under no obligation to submit evidence of nonobviousness.

*See* MPEP at § 2142; *see also Rambus*, 731 F.3d at 1255.

### 2.  Claim 1 Is Not Obvious In View of the Combination of Hawbaker and Horch

Regarding claim 1, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector is rotatable around a single axis," as set forth in Patentee's independent claim 1.

#### a.  There is No Motivation to Combine Hawbaker and Horch

The Patentee first notes that there is no motivation to combine Hawbaker with Horch.  The non-final Office Action states that "it would have been obvious to those having ordinary skill in the art before the invention to have modified the selector 5/6 and 21 taught by Hawbaker so that selector 21 is rotatable between three positions about a single axis, and to include cam surfaces operably connected to the disconnector assembly to achieve safe, single-fire, and binary-fire modes, in order to adopt the implicit benefits of simplifying selector operation, easing user selection of firing modes, and increased safety by distancing selector functions from the trigger pull as proffered in the Affidavit of Robert Gallagher (Request Exhibit D at 16)."  Non-Final Office Action, at p. 7-8.  However, the Office Action's reliance on the Affidavit of Robert Gallagher ("Gallagher Affidavit") for this conclusory statement is misplaced.

As explained in MPEP § 2258, affidavits or declarations may be considered in reexamination proceedings for the limited purpose of understanding "the contents or pertinent dates of prior art patents or printed publications."  *See* MPEP § 2258.  An affidavit **cannot** be used, however, to demonstrate how a person of ordinary skill in the art would have understood prior art teachings, or what a person of ordinary skill would have known or could have done.  *Id.* ("[An

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

obviousness] rejection in such circumstances cannot be based on the affidavits or declarations or other written evidence as such, but must be based on the prior art patents or printed publications."); *see also*, MPEP § 2141 ("***Office personnel*** fulfill the critical role of factfinder when resolving the *Graham* inquiries;" emphasis added).[1]

Additionally, Patentee notes that reliance on the Gallagher Affidavit is further misplaced because the Affidavit contains no statement that the patented subject matter would have been obvious to a person of ordinary skill in the art ***before the application was filed***.   Rather, the Affidavit states in conclusory fashion that the claimed language "wherein the selector is rotatable around a single axis," is obvious ***only as of the date of the Affidavit***.   *See* Affidavit of Robert Gallagher at p. 2, ¶ 15 (". . . the subject matter claimed in claims 1-30 of U.S. Pat. 10,393,461 ***is*** [present tense] obvious from combining these two, prior art patents"); *id*. at p. 3, ¶ 16 (". . . ***it would be obvious*** [present-conditional tense] to modify the trigger group . . ."; "I ***would be motivated*** [present-conditional tense] to modify Hawbaker . . .").   As a result, the Affidavit's statements concerning what would be obvious to a person of ordinary skill in the art are presumptively and inextricably intertwined with the affiant's hindsight analysis of the '461 Patent claims.   *See* MPEP § 2142 ("[I]mpermissible hindsight must be avoided and the legal conclusion [concerning obviousness] must be reached on the basis of the facts gleaned from the prior art."); *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1553 (Fed. Cir. 1983) (reiterating that it is "necessary that the decisionmaker forget what he or she has been taught . . . about the claimed invention and cast the mind back to the time the invention was made (often as here many

---

[1] The requirement that Office personnel fulfill the role of factfinder is particularly important where (as seen here) the affidavit in question is proffered by a self-interested party who has been accused of infringing the patent subject to reexamination.  *See* Affidavit of Robert Gallagher, at p. 2, ¶ 11.

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

years) to occupy the mind of one skilled in the art.").  The affiant's failure to articulate any rationale supporting his proposed combination of Hawbaker and Horch establishes that his opinions constitute the application of impermissible hindsight to the actual disclosures of those references. *Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372, 1376-78 (Fed. Cir. 2012) (reversing a district court that employed hindsight analysis because the district court's obviousness finding was improperly based on art directed to the solution as opposed to art directed to the problem).

Finally, the Office Action's reliance on the Gallagher Affidavit is improper because the Affidavit provides only conclusory statements without any supporting rationale.  *TQ Delta, LLC v. CISCO Systems, Inc.*, 942 F.3d 1352, 1358-63, 131 U.S.P.Q.2d (Fed. Cir. 2019) ("'a conclusory assertion with no explanation is inadequate to support a finding that there would have been a motivation to combine' because '[t]his type of finding, without more, tracks the ex post reasoning *KSR* warned of and fails to identify any actual reason why a skilled artisan would have combined the elements in the manner claimed.'").

Accordingly, the Office Action does not sufficiently establish any motivation to combine Hawbaker with Horch.  Reliance on the Gallagher Affidavit contradicts the express requirement that Office personnel play the critical role of factfinder with regard to what a person of ordinary skill would have understood.  Additionally, the Gallagher Affidavit is tainted by impermissible hindsight analysis.  And, in any event, the Office Action's reliance on the Gallagher Affidavit's conclusory statement that the claimed subject matter "is obvious" is insufficient to support an obviousness rejection.  *KSR*, 550 U.S. at 418.

For these reasons, the Office Action does not establish a *prima facie* case that Claim 1 would have been obvious to a person of ordinary skill at the time the application was filed.  Patentee respectfully requests that the objections be withdrawn.

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

> **b. Hawbaker And Horch Cannot Be Combined To Achieve The Benefits Of The Claimed Invention**

Next, Patentee notes that the Office Action, in relying on the Gallagher Affidavit, provides no explanation for how a person of ordinary skill would have been able to combine the Hawbaker and Horch references with a "reasonable expectation of success." Setting aside the fact that such conclusory statements are insufficient as a matter of law (see above), they also fail to consider the scope and content of the cited references. MPEP § 2141 ("The question of obviousness must be resolved on the basis of the factual inquiries set forth [in *Graham*]" including, "[d]etermining the scope and content of the prior art.") (citing *Graham*, 383 U.S. at 467). Simply combining the advantages of the prior art disclosures without consideration of what those references actually teach cannot support an obviousness rejection. *W.L. Gore*, 721 F.2d at 1548; MPEP § 2141.02 ("A prior art reference must be considered in its entirety, i.e., as a whole, including portions that would lead away from the claimed invention"). As explained below, a person of ordinary skill in the art would have no reasonable expectation of success because the scope and content of Hawbaker and Horch, when properly considered, demonstrates that these references are clearly and irreconcilably incompatible.

The "double-fire"[2] trigger system disclosed by Hawbaker is incompatible with the single, three-position selector as disclosed by Horch for at least two reasons. First, the double-fire functionality described in Hawbaker requires that the selector switch be located **below** the primary disconnector (i.e., within the trigger guard). Hawbaker, at col. 5, lines 3-17. Second, as Hawbaker

---

[2] The terms "Binary" and "Binary Firing System" are registered trademarks (Reg. Nos. 6272568 and 6293943, respectively) owned by Franklin Armory Holdings, Inc. and used to describe Franklin Armory's firearm products that are capable of "double-fire" mode—i.e., firing one round on trigger pull and a second round on trigger release. Except when expressly referring to Franklin Armory's products, the term "double-fire" is used herein to reference this functionality.

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

explains, a secondary disconnector must be positioned at the rear of the trigger assembly in order to prevent accidental discharge of the firearm during operation of the double-fire mode. *Id.* A person of ordinary skill would readily comprehend that these requirements are incompatible with the "fire control selector switch" disclosed by Horch and would result in, at best, a nonfunctional trigger system and, at worst, an ***inherently unsafe firearm***.

Hawbaker generally describes a system and method for a dual mode trigger that causes a firearm to fire in one of two modes: (1) firing one round with a trigger pull and resetting with trigger release (semi-automatic mode), or (2) firing one round with trigger pull, and firing another round with trigger release ("double-fire" mode). Hawbaker, at Abstract. As Hawbaker explains, double-fire may be achieved by "tilting the primary disconnector on its axis, thus varying the amount of engagement of the primary disconnector on the hammer." *Id.* at col. 2, lines 35-37. More specifically, Hawbaker utilizes a selector assembly (comprising selector cam 5 and selector switch 6) located below the primary disconnector such that, when selector switch 6 rotates 90 degrees, it causes the raised camming surface of selector cam 5 to "tilt" the primary disconnector 0.030" in relation to the trigger. *Id.* at col. 6, lines 30-65. This 0.030" offset is necessary to enable double-fire mode as disclosed in Hawbaker. As Hawbaker explains, this slight tilting of the primary disconnector 3 creates a gap such that hammer engagement surface 14 and hammer engagement surface 15 do not engage upon trigger release, thus firing a second round. *Id.* at col. 6, lines 51-62; *see* FIG. 14 (depicting gap between hammer engagement surface 14 and hammer engagement surface 15 (not labeled)).

Horch teaches a trigger group for switching between a first and second firing mode and a third "safe" position. Non-Final Office Action, at p. 7-8; *see also*, Horch, at Claims 1, 8. As relevant here, Horch discloses that a "fire control selector switch" is operable to engage or

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

disengage one or more disconnectors, said disconnectors having torque differentials that correspond to either 1-stage ("rapid" or precision fire) or 2-stage ("duty" or predictable fire) trigger pull weights for a semi-auto firearm only. Horch, at col. 2, lines 27-50. However, Horch **does not** teach that the firing control selector switch may be used in "double fire" operation or to alternate between semi-auto mode and any other firing mode (e.g., automatic, burst, or double-fire firing modes). Further, Horch **does not** teach that the fire control selector switch may be used to tilt, pivot, or otherwise alter the position of any disconnectors relative to the trigger assembly; the different modes of Horch are apparently achieved only by the selector disabling one or the other disconnector, or both, but without altering the operating position of a disconnector to create the different modes as in Hawbaker. As a result, modifying the double-fire trigger assembly of Hawbaker to incorporate the fire control selector switch of Horch could plausibly allow the selector to engage or disengage Hawbaker's primary disconnector, but would render the double-fire functionality inoperable.

The Office Action states that "[g]iven the combined teachings, it would have been obvious . . . to have modified the selector 5/6 and 21 taught by Hawbaker so that selector 21 is rotatable between three positions about a single axis, and to include cam surfaces operably connected to the disconnector assembly to achieve safe, single-fire, and binary-fire modes, in order to adopt the implicit benefits of simplifying selector operation, easing user selection of firing modes, and increased safety by distancing selector functions from the trigger pull . . . ." However, neither the Office Action nor the Gallagher Affidavit, on which it improperly relies, provide any explanation for how a person of ordinary skill could modify Horch's selector switch in order to enable tilting the primary disconnector as required by Hawbaker's double-fire system. Such conclusory statements cannot sustain an obviousness rejection. *See KSR*, 550 U.S. at 418; *see also*,

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

MPEP § 2143.01 ("If a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, then there is no suggestion or motivation to make the proposed modification.") (citing *In re Gordon*, 733 F.2d 900, 221 (Fed. Cir. 1984)).

Further, as Hawbaker discloses, the selector switch apparently must be located **below the primary disconnector** (i.e., within the trigger guard) in order to tilt the primary disconnector and thus enable double-fire mode. *See* Hawbaker, at FIG. 14 (depicting selector cam 5 and raised cam surface 20). Simple geometry makes this result impossible to achieve (or requires inappropriately extraordinary, nonobvious design and engineering efforts if it were possible) if the Hawbaker selector 5/6 is removed and selector 21 is replaced with Horch's three-position selector. *See id.*



*Hawbaker, at FIG. 16* (blue and red annotations added).

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

Thus, it is mechanically impossible to produce the double-fire functionality through the proposed combination.

Indeed, the only plausible combination of Hawbaker and Horch would be to replace Hawbaker's selector 5/6 with Horch's single, three-position selector.  However, such a modification would require expertise far beyond that of a person of ordinary skill.  Moreover, such modification would disable operation of Hawbaker's secondary disconnector that, as addressed by Hawbaker and explained further below, is a mandatory safety feature needed to prevent accidental discharge of a firearm when operating in double-fire mode.

Hawbaker's double-fire trigger system requires a secondary disconnector that "prevents the hammer from following the bolt assembly forward if the engagement surface of the trigger or the primary disconnector is not in position to retain hammer in a cocked rearward position [during double-fire mode]."  Hawbaker, at col. 2, lines 53-62.  During double-fire mode, when the trigger is pulled to a rearward position "the secondary disconnector 4 contacts the safety selector 21 which tilts the secondary disconnector 4 rearward," thereby disengaging the secondary disconnector from the hammer.  *Id*. at col. 7, lines, 25-29.  This allows the hammer to move forward slightly before being retained by the primary disconnector.  *Id*. at col. 7, lines 30-31.  Without the secondary disconnector, the hammer may follow the bolt assembly forward, resulting in a firearm that is capable of firing more than one round with a single function of the trigger, thus meeting the definition of a machine gun as described in 26 U.S.C. § 5845(b) that, after May 1986, is expressly prohibited for civilian sales.  *Id*. at col. 2, lines 4-9; col. 7, lines 7-19.  This, of course, is the exact scenario that Hawbaker sought to prevent.  *Id*.

In view of the above, even if a person of ordinary skill in the art were able to modify Hawbaker's selector 5/6 to include Horch's teachings regarding a three-position selector while

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

retaining double-fire functionality, the removal of Hawbaker's selector 21 would prevent the secondary disconnector 4 from restraining the hammer as intended.[3]  In particular, the secondary disconnector would no longer contact safety selector 21 and thus would be unable to prevent the hammer from discharging a second round when the trigger is in a central position.  *Id.* at col. 7, lines 12-19.  Accordingly, the combination of Hawbaker's selector 5/6 with Horch's three-position selector would result in a firearm that suffers from the very same safety deficiencies (e.g., a firearm with the potential for "hammer follow" that is unsafe) that Hawbaker sought to prevent.  *Id.* at col. 1, line 64 to col. 2, line 12.  Thus, there is no suggestion or motivation to make the proposed modification and the obviousness conclusion must be withdrawn.  *See In re Gordon*, 733 F.2d at 902 (reversing Board's determination of obviousness upon finding that the proposed modification would render the prior art device inoperable for its intended purpose); MPEP § 2143.02.

Hawbaker and Horch are incompatible.  As shown above, the proposed combination of Hawbaker's selector 21 with Horch's three-position selector is presumptively technically infeasible and neither the Office Action nor the Gallagher Affidavit provides any explanation for how a person of ordinary skill in the art would have been able to combine these references with any reasonable expectation of success.  For these additional reasons, Claim 1 is not obvious over Hawbaker in view of Horch.  Patentee respectfully requests that the objections be withdrawn.

---

[3] Notably, Hawbaker explains that the primary disconnector 3 and secondary disconnector 4 rotate about ***different pivot points*** (primary disconnector pin 25 and secondary disconnector pin 10, respectively). Hawbaker, at col. 5, lines 12-14, 43-45.  By contrast, Horch's selector switch requires that "[t]he two disconnectors have a ***common pivot point***."  Horch, at col. 2, lines 39-43 (emphasis added).  Neither the Office Action nor the Gallagher Affidavit provide any explanation for how a person of ordinary skill could redress this critical flaw or incompatibility.

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

   3.  **Secondary Considerations**

   Because the Office Action does not establish a prima facie case of obviousness, no additional consideration of objective indicia of nonobviousness is required.  Nevertheless, Patentee has included with this Response evidence of consumer praise (*see* Exhibit A, Declaration of Ryan Fellows ("Fellows Declaration"), at Exhs. 4, 5, and 6) it has received for Franklin Armory Inc.'s "Binary Firing System" products which practice the claims of the '461 Patent.  In addition, as recognized by Hawbaker, there was—at the time this application was filed—a long-felt need for devices for "increasing the firing rate of semi-automatic weapons" that did not involve "complicated non-intuitive operation or undesirable add-on devices" while also "eliminating the possibility of 'hammer follow' in the double-fire mode."  Hawbaker, at col. 1, lines 30-63; *see also*, Fellows Declaration, at p. 3, ¶ 8.  However, prior to the '461 Patent, there was no firearm trigger system that could accomplish each of these criteria while additionally using a single safety selector.  Fellows Declaration, at p. 3, ¶¶ 6-7.  Indeed, the absence of a single safety selector was presumably the primary reason the Hawbaker design did not gain any commercial traction.

   Finally, Franklin Armory Inc. has received multiple industry awards and recognition for the design of their "Binary Firing System" products.  For example, in 2015, Franklin Armory Inc. received an industry award for innovation from the Blue Book of Gun Values for the binary trigger system products which practice the claims of '461 Patent.  *Id*., at p. 4, ¶ 9.  In 2018, Optics Planet, one of the largest online resellers of gear for hunting, outdoor, military, law enforcement, and laboratory use, awarded Franklin Armory Inc. their "Brilliant Awards Winner" for Franklin's binary trigger products.  *Id*., at p. 4, ¶¶ 10-11.  In 2020, Brownells and Crow Distributors awarded Franklin Armory their "Most Innovative Product" award for the 22-C1 trigger system, which also practices the claims of the '461 Patent.  *Id*., at p. 4, ¶ 12.

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

Franklin has also been successful in licensing the technology of the '461 Patent to its competitors. *Id.*, at p. 4-5, ¶ 13. Notably, Franklin licensed the '461 Patent to Fostech Inc., the current assignee of the Hawbaker patent. *Id.* Thus, even the current assignee of Hawbaker has acknowledged the novel, nonobvious contributions of the '461 Patent over Hawbaker's design.

For these additional reasons, Patentee submits that Claim 1 is not obvious over the combination of Hawbaker and Horch. Patentee respectfully requests that the objections be withdrawn.

**Dependent Claims 2-6 Are Not Obvious**

Regarding dependent claims 2-6, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector is rotatable around a single axis," as set forth in Patentee's independent claim 1. Claims 2-6 are not obvious over Hawbaker in view of Horch for at least the same reasons discussed above. Patentee respectfully requests that the objections be withdrawn.

**Independent Claims 7 and 22 Are Not Obvious**

Regarding independent claims 7 and 22, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector is a single element having three different rotational orientations," as set forth in Patentee's independent claims 7 and 22.

As previously discussed, the proposed combination of Hawbaker and Horch is incompatible because a person of ordinary skill in the art could not modify Hawbaker to include a single, three-position selector as disclosed by Horch without either destroying the double-fire functionality of Hawbaker or, in the alternative, disabling the safety mechanism that was a critical objective of the Hawbaker patent. Moreover, the Office Action fails to provide any explanation

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

as to how a person of ordinary skill in the art could modify Hawbaker in view of Horch in order to address these deficiencies with a reasonable expectation of success.  Patentee's evidence of consumer praise, industry recognition, and commercial success as well as the long-felt need for the patented "Binary Fire System" products (*see* Fellows Declaration, at p. 3, ¶ 8; *id*. at p. 4-5, ¶¶ 9-16) further supports the conclusion of nonobviousness.

For at least these reasons, independent claims 7 and 22 are not obvious over any combination of Hawbaker and Horch.  Patentee respectfully requests that the objections be withdrawn.

**<u>Independent Claims 8 and 23 Are Not Obvious</u>**

Regarding independent claims 8 and 23, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector is constrained against movement except on a single rotational axis," as set forth in Patentee's independent claims 8 and 23.

As previously discussed, the proposed combination of Hawbaker and Horch is incompatible because a person of ordinary skill in the art could not modify Hawbaker to include a single, three-position selector as disclosed by Horch without either destroying the double-fire functionality of Hawbaker or, in the alternative, disabling the safety mechanism that was a critical objective of the Hawbaker patent.  Moreover, the Office Action fails to provide any explanation as to how a person of ordinary skill in the art could modify Hawbaker in view of Horch in order to address these deficiencies with a reasonable expectation of success.  Patentee's evidence of consumer praise, industry recognition, and commercial success as well as the long-felt need for the patented "Binary Fire System" products (*see* Fellows Declaration, at p. 3, ¶ 8; *id*. at p. 4-5, ¶¶ 9-16) further supports the conclusion of nonobviousness.

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

For at least these reasons, independent claims 8 and 23 are not obvious over any combination of Hawbaker and Horch.  Patentee respectfully requests that the objections be withdrawn.

**Independent Claims 9 and 24 Are Not Obvious**

Regarding independent claims 9 and 24, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector is displaced by a selected angle between the first and second positions and by the selected angle between the first and third positions," as set forth in Patentee's independent claims 9 and 24.

As previously discussed, the proposed combination of Hawbaker and Horch is incompatible because a person of ordinary skill in the art could not modify Hawbaker to include a single, three-position selector as disclosed by Horch without either destroying the double-fire functionality of Hawbaker or, in the alternative, disabling the safety mechanism that was a critical objective of the Hawbaker patent.  Moreover, the Office Action fails to provide any explanation as to how a person of ordinary skill in the art could modify Hawbaker in view of Horch in order to address these deficiencies with a reasonable expectation of success.  Patentee's evidence of consumer praise, industry recognition, and commercial success as well as the long-felt need for the patented "Binary Fire System" products (*see* Fellows Declaration, at p. 3, ¶ 8; *id.* at p. 4-5, ¶¶ 9-16) further supports the conclusion of nonobviousness.

For at least these reasons, independent claim 9 and 24 is not obvious over any combination of Hawbaker and Horch.  Patentee respectfully requests that the objections be withdrawn.

**Independent Claims 10 and 25 Are Not Obvious**

Regarding independent claims 10 and 25, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the second

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

and third position are 180° apart from each other," as set forth in Patentee's independent claims 10 and 25.

As previously discussed, the proposed combination of Hawbaker and Horch is incompatible because a person of ordinary skill in the art could not modify Hawbaker to include a single, three-position selector as disclosed by Horch without either destroying the double-fire functionality of Hawbaker or, in the alternative, disabling the safety mechanism that was a critical objective of the Hawbaker patent. Moreover, the Office Action fails to provide any explanation as to how a person of ordinary skill in the art could modify Hawbaker in view of Horch in order to address these deficiencies with a reasonable expectation of success. Patentee's evidence of consumer praise, industry recognition, and commercial success as well as the long-felt need for the patented "Binary Fire System" products (*see* Fellows Declaration, at p. 3, ¶ 8; *id.* at p. 4-5, ¶¶ 9-16) further supports the conclusion of nonobviousness.

For at least these reasons, independent claims 10 and 25 are not obvious over any combination of Hawbaker and Horch. Patentee respectfully requests that the objections be withdrawn.

**<u>Independent Claims 11 and 26 Are Not Obvious</u>**

Regarding independent claims 11 and 26, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector has an elongated lever portion that is horizontal in the second and third positions, and vertical in the first position," as set forth in Patentee's independent claims 11 and 26.

As previously discussed, the proposed combination of Hawbaker and Horch is incompatible because a person of ordinary skill in the art could not modify Hawbaker to include a single, three-position selector as disclosed by Horch without either destroying the double-fire

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

functionality of Hawbaker or, in the alternative, disabling the safety mechanism that was a critical objective of the Hawbaker patent.  Moreover, the Office Action fails to provide any explanation as to how a person of ordinary skill in the art could modify Hawbaker in view of Horch in order to address these deficiencies with a reasonable expectation of success.  Patentee's evidence of consumer praise, industry recognition, and commercial success as well as the long-felt need for the patented "Binary Fire System" products (*see* Fellows Declaration, at p. 3, ¶ 8; *id.* at p. 4-5, ¶¶ 9-16) further supports the conclusion of nonobviousness.

For at least these reasons, independent claims 11 and 26 are not obvious over any combination of Hawbaker and Horch.  Patentee respectfully requests that the objections be withdrawn.

**Independent Claims 12 and 27 Are Not Obvious**

Regarding independent claims 12 and 27, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector has a pointer that is horizontal in the second and third positions, and vertical in the first position," as set forth in Patentee's independent claims 12 and 27.

As previously discussed, the proposed combination of Hawbaker and Horch is incompatible because a person of ordinary skill in the art could not modify Hawbaker to include a single, three-position selector as disclosed by Horch without either destroying the double-fire functionality of Hawbaker or, in the alternative, disabling the safety mechanism that was a critical objective of the Hawbaker patent.  Moreover, the Office Action fails to provide any explanation as to how a person of ordinary skill in the art could modify Hawbaker in view of Horch in order to address these deficiencies with a reasonable expectation of success.  Patentee's evidence of consumer praise, industry recognition, and commercial success as well as the long-felt need for

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

the patented "Binary Fire System" products (*see* Fellows Declaration, at p. 3, ¶ 8; *id.* at p. 4-5, ¶¶ 9-16) further supports the conclusion of nonobviousness.

For at least these reasons, independent claims 12 and 27 are not obvious over any combination of Hawbaker and Horch.   Patentee respectfully requests that the objections be withdrawn.

**Independent Claims 13 and 28 Are Not Obvious**

Regarding independent claims 13 and 28, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector has an elongated lever portion that extends in a first direction when in the first position, a second direction in the second position, and a third direction in the third position, and wherein the second and third directions are opposite from each other and perpendicular to the first direction," as set forth in Patentee's independent claims 13 and 28.

As previously discussed, the proposed combination of Hawbaker and Horch is incompatible because a person of ordinary skill in the art could not modify Hawbaker to include a single, three-position selector as disclosed by Horch without either destroying the double-fire functionality of Hawbaker or, in the alternative, disabling the safety mechanism that was a critical objective of the Hawbaker patent.   Moreover, the Office Action fails to provide any explanation as to how a person of ordinary skill in the art could modify Hawbaker in view of Horch in order to address these deficiencies with a reasonable expectation of success.   Patentee's evidence of consumer praise, industry recognition, and commercial success as well as the long-felt need for the patented "Binary Fire System" products (*see* Fellows Declaration, at p. 3, ¶ 8; *id.* at p. 4-5, ¶¶ 9-16) further supports the conclusion of nonobviousness.

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

For at least these reasons, independent claims 13 and 28 are not obvious over any combination of Hawbaker and Horch. Patentee respectfully requests that the objections be withdrawn.

**Independent Claims 14 and 29 Are Not Obvious**

Regarding independent claims 14 and 29, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector has a pointer that extends in a first direction when in the first position, a second direction in the second position, and a third direction in the third position, and wherein the second and third directions are opposite from each other and perpendicular to the first direction," as set forth in Patentee's independent claims 14 and 29.

As previously discussed, the proposed combination of Hawbaker and Horch is incompatible because a person of ordinary skill in the art could not modify Hawbaker to include a single, three-position selector as disclosed by Horch without either destroying the double-fire functionality of Hawbaker or, in the alternative, disabling the safety mechanism that was a critical objective of the Hawbaker patent. Moreover, the Office Action fails to provide any explanation as to how a person of ordinary skill in the art could modify Hawbaker in view of Horch in order to address these deficiencies with a reasonable expectation of success. Patentee's evidence of consumer praise, industry recognition, and commercial success as well as the long-felt need for the patented "Binary Fire System" products (*see* Fellows Declaration, at p. 3, ¶ 8; *id.* at p. 4-5, ¶¶ 9-16) further supports the conclusion of nonobviousness.

For at least these reasons, independent claims 14 and 29 are not obvious over any combination of Hawbaker and Horch. Patentee respectfully requests that the objections be withdrawn.

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

**Independent Claims 15 and 30 Are Not Obvious**

Regarding independent claims 15 and 30, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector is rotatable about a horizontal axis perpendicular to a major axis of the firearm defined by a direction of trigger movement," as set forth in Patentee's independent claims 15 and 30.

As previously discussed, the proposed combination of Hawbaker and Horch is incompatible because a person of ordinary skill in the art could not modify Hawbaker to include a single, three-position selector as disclosed by Horch without either destroying the double-fire functionality of Hawbaker or, in the alternative, disabling the safety mechanism that was a critical objective of the Hawbaker patent.  Moreover, the Office Action fails to provide any explanation as to how a person of ordinary skill in the art could modify Hawbaker in view of Horch in order to address these deficiencies with a reasonable expectation of success.  Patentee's evidence of consumer praise, industry recognition, and commercial success as well as the long-felt need for the patented "Binary Fire System" products (*see* Fellows Declaration, at p. 3, ¶ 8; *id.* at p. 4-5, ¶¶ 9-16) further supports the conclusion of nonobviousness.

For at least these reasons, independent claims 15 and 30 are not obvious over any combination of Hawbaker and Horch.  Patentee respectfully requests that the objections be withdrawn.

**Independent Claim 16 Is Not Obvious**

Regarding independent claim 16, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector is rotatable about a single axis," as set forth in Patentee's independent claim 16.

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

As previously discussed, the proposed combination of Hawbaker and Horch is incompatible because a person of ordinary skill in the art could not modify Hawbaker to include a single, three-position selector as disclosed by Horch without either destroying the double-fire functionality of Hawbaker or, in the alternative, disabling the safety mechanism that was a critical objective of the Hawbaker patent.  Moreover, the Office Action fails to provide any explanation as to how a person of ordinary skill in the art could modify Hawbaker in view of Horch in order to address these deficiencies with a reasonable expectation of success.  Patentee's evidence of consumer praise, industry recognition, and commercial success as well as the long-felt need for the patented "Binary Fire System" products (*see* Fellows Declaration, at p. 3, ¶ 8; *id.* at p. 4-5, ¶¶ 9-16) further supports the conclusion of nonobviousness.

For at least these reasons, independent claim 16 is not obvious over any combination of Hawbaker and Horch.  Patentee respectfully requests that the objections be withdrawn.

**<u>Dependent Claims 17-21 Are Not Obvious</u>**

Regarding dependent claims 17-21, the Patentee respectfully submits that the combination of Hawbaker and Horch at least fails to disclose, for example, "wherein the selector is rotatable about a single axis," as set forth in Patentee's independent claim 16.  Claims 17-21 are therefore not obvious over Hawbaker in view of Horch for at least the same reasons discussed above.  Patentee respectfully requests that the objections be withdrawn.

For at least these reasons, dependent claims 17-21 are not obvious over any combination of Hawbaker and Horch.  Patentee respectfully requests that the objections be withdrawn.

Appl. No. 90/014,710
Resp. to Non-Final Office Action of June 3, 2021
Response dated July 30, 2021

<u>**CONCLUSION**</u>

For these reasons, the Patentee respectfully requests that each of the objections to Claims 1-30 be withdrawn and submits that all claims are patentable.  Patentee reserves the right to argue additional reasons supporting the patentability of claims 1-30 should the need arise in the future.

Should anything remain in order to place the present application in condition for the issuance of a certificate of reexamination, the Examiner is kindly invited to contact the undersigned at the telephone number listed below.

Date:   __July 30, 2021_____                    Respectfully submitted,


_____
Bennet K. Langlotz
Reg. No. 35,928
Attorney for Patentee


**LANGLOTZ  PATENT  &  TRADEMARK WORKS, LLC**
Bennet K. Langlotz, Patent Attorney
Tel: 214 713 0979 *(Central Time Zone)*
E-mail: **patent@langlotz.com**