# EXHIBIT 6

| | |
|---|---|
| **From:** | Gilly, Richard P. <rgilly@archerlaw.com> |
| **Sent:** | Thursday, September 2, 2021 12:41 AM |
| **To:** | Robert K. Jain |
| **Cc:** | Cooney, Trevor J.; Jeffrey M. Ratinoff; Mark Halderman |
| **Subject:** | Re: [EXT MAIL] Summary of Parties' Sept. 1st Meet/Confer call |

It is inaccurate in several respects. I will get back to you as to how shortly.

Regards,
Richard



Richard P. Gilly, Esq.

Archer & Greiner P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
215-246-3112
rgilly@archerlaw.com
www.archerlaw.com<http://www.archerlaw.com/>

[https://www.archerlaw.com/wp-content/uploads/2018/05/Archer_Logo_168x46.jpg]

On Sep 1, 2021, at 20:07, Robert K. Jain <rjain@hopkinscarley.com> wrote:


Richard,

Here is our understanding of the parties' current positions based upon our meet and confer call earlier today.


* Defendants' position is that the omission of the previously identified prior art (i.e., Hawbaker, Horch, Young, and Defendants' alleged prior invention) from Defendants invalidity contentions did not waive Defendants' right to later assert any invalidity claims/defenses based upon these references. Plaintiffs disagreed and expressed their position that since these were known to Defendants at the time they served their contentions, any such claims/defenses have been waived.
* Defendants confirmed that they do not have any documentary evidence supporting their prior derivation invalidity defense and that Defendants intend to rely solely on the testimony of Mr. Gallagher to support this contention. Plaintiffs indicated that testimony alone falls well short of what is required under Federal Circuit precedent, and that in any event, Defendants were required to disclose this and provide some details regarding how that invalidates the '461 Patent in their contentions. Consequently, it is Plaintiffs' position that this defense has been waived.
* Defense counsel confirmed that they do not know the identities of the five (5) individuals who purportedly purchased Defendants' alleged prior art device between 2011 and 2019 as alleged in Defendants' Amended Answer and Counterclaims. Plaintiffs indicated that the Court made clear at the Rule 16 conference that all such evidence was to be disclosed Defendants' preliminary contention, and thus this raised concerns that there was no basis to allege such facts

1

in Defendants' Amended Answer and Counterclaims.
* Plaintiffs requested that Defendants produce technical documents (including, without limitation, CAD files and CNC schematics) sufficient to show the operation of each of the accused devices identified in Plaintiffs' preliminary infringement contentions – i.e., the (a) ITF binary trigger, (b) ITF 80% binary trigger kit, (c) ITF 80% trigger kit for AR 15, AR10, AR9, and AR45, and (d) S&W MP 15-22 80% binary trigger kit. Defense Counsel agreed to ask their clients to search for and produce such technical documents as soon as possible.
* Defendants requested clarification on Plaintiffs' infringement position with regard to Claim 15 of the '461 Patent. Since this was the first time that Defendants raised this issue, Plaintiffs agreed to look into this. We are now confirming that Plaintiffs are not asserting Claim 15.
* Defendants requested that Plaintiffs produce "all documents evidencing conception and reduction to practice," including any documents created before the priority date of the '461 Patent. Plaintiffs explained that after a reasonably diligent search, they were unable to locate any such documents predating the filing of the provisional patent (already produced by Plaintiffs) upon which Plaintiffs base the asserted priority date for the '461 Patent. Moreover, Plaintiffs expressed their position that they are not required to produce any such documents since Plaintiffs do not claim a date of invention earlier than the '461 Patent priority date.
* Last, Plaintiffs requested and Defense counsel agreed to provide to Plaintiffs a copy of the ex parte communications between Defendants and the Court.

Please explain if you believe this summary of our call is inaccurate in any respect.

Thanks,


Robert K. Jain

Associate

<https://www.hopkinscarley.com/>
<image001.gif>

Hopkins & Carley | A Law Corporation
San Jose | Palo Alto

70 South First Street | San Jose, CA 95113

Direct: 408.299.1445 | Main: 408.286.9800

Fax: 408.998.4790

rjain@hopkinscarley.com<mailto:rjain@hopkinscarley.com>

hopkinscarley.com<https://www.hopkinscarley.com>


_____

Any tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This email and

any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto. For more information about Hopkins & Carley, visit us at http://www.hopkinscarley.com/.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.