## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN ARMORY HOLDINGS, INC., a Nevada Corporation; and FRANKLIN ARMORY, INC., a Nevada Corporation, | CIVIL ACTION NO. 2:20-CV-5681 |
| Plaintiffs, | |
| v. | |
| ROBERT JOSEPH GALLAGHER, an individual; and IN THE FIELD DEFENSE, a sole proprietorship, | |
| Defendants. | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO STAY LITIGATION IN VIEW OF FINAL REJECTION OF '461 PATENT UNDER REEXAMINATION

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

    A.  Defendants Complied with Any Meet and Confer Obligations ............................. 1

    B.  A Stay Would Not Unduly Prejudice Plaintiffs or Present a Tactical Advantage to
        Defendants ........................................................................................................... 2

        1.  The Risk of Irreparable Harm to Plaintiffs Is Minimal ................................. 2

        2.  Plaintiffs' Claims of Prejudice Based on Delay Are Meritless ..................... 3

        3.  A Stay Would Not Present Defendants with a Tactical Advantage ............... 4

    C.  A Stay Will Simplify the Issues. ......................................................................... 4

    D.  This Case Is Still in Its Early Stages. .................................................................. 5

CONCLUSION .................................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Federal Cases**

Arkema Inc. v. Honeywell Int'l, Inc.,
    No. 10-CV-2886, 2013 WL 5356844 (E.D. Pa. Sept. 25, 2013) ......................................4, 5, 6

Bos. Sci. Corp. v. Cordis Corp.,
    777 F. Supp. 2d 783 (D. Del. 2011)....................................................................................2

Destination Maternity Corp. v. Target Corp.,
    12 F. Supp. 3d 762 (E.D. Pa. 2014) ....................................................................................3

Ever Win Int'l Corp. v. Radioshack Corp.,
    902 F. Supp. 2d 503 (D. Del. 2012)....................................................................................3

Fairchild Semiconductor Corp. v. Power Integrations, Inc.,
    100 F. Supp. 3d 357 (D. Del. 2015)....................................................................................2

ICI Uniqema, Inc. v. Kobo Prods., Inc.,
    2009 WL 4034829 (D.N.J. Nov. 20, 2009) ........................................................................3

Infinity Computer Prod., Inc. v. Samsung Elecs. Am., Inc.,
    2013 WL 12207507 (E.D. Pa. Apr. 30, 2013) ....................................................................3

Innovative Off. Prod., Inc. v. Spaceco, Inc.,
    2008 WL 4083012 (E.D. Pa. Aug. 28, 2008) ..................................................................5, 6

In re Laughlin Prod., Inc.,
    265 F. Supp. 2d 525 (E.D. Pa. 2003) ..................................................................................4

Traffic Info., LLC v. Huawei Techs. Co.,
    No. 2:10-CV-145, 2012 WL 12892435 (E.D. Tex. May 30, 2012) .........................................2

United Sweetener USA, Inc. v. Nutrasweet Co.,
    766 F. Supp. 212 (D. Del. 1991)........................................................................................2

**Rules**

Fed. R. Civ. Proc. 12(b)(6), (e) .........................................................................................1

**Regulations**

37 C.F.R. § 1.116...............................................................................................................5

Report of Rule 26(f).........................................................................................................2

Defendants, Robert Joseph Gallagher and In The Field Defense, a sole proprietorship (together, the "Defendants") submit this Reply Brief in support of their Motion to Stay the litigation pending the resolution of any appeal of the United States Patent and Trademark Office's ("USPTO") recent final rejection of the '461 Patent.

## INTRODUCTION

Plaintiffs' opposition relies on misleading citations and spurious claims of improper conduct to distract the Court from a simple fact: the USPTO has issued a final rejection of all the claims in the '461 Patent.  Pending an (unlikely) successful appeal from the USPTO's final rejection, Plaintiffs' claims in the present litigation are no longer viable.  Similarly, Plaintiffs' allegations of prejudice are belied by the fact that, under the present procedural posture of this litigation and the USPTO action, Plaintiffs no longer have a valid patent.  To be sure, both the status of the litigation and associated simplification of the issues strongly support a stay.

## ARGUMENT

**A.    Defendants Complied with Any Meet and Confer Obligations**

Plaintiffs claim that Defendants failed to comply with the Court's meet and confer obligations before filing the present motion.  This is incorrect.  Section II.C. of the Court's Guidelines for Counsel is applicable to General Motion Practice in Civil Cases, and requires the parties to meet and confer before filing a motion pursuant to Fed. R. Civ. Proc. 12(b)(6), (e), or (f).  Defendants' present motion does not seek relief under Rule 12(b)(6), (e), or (f).

Plaintiffs incorrectly cite to Section V of the Court's Guidelines for Counsel, which relates to "Other Matters".  Section V.B. instructs, in relevant part, that, "[i]n general, Judge Kenney expects counsel to bring matters to his attention only after they have been discussed with opposing counsel."  Defendants understand this provision to relate to discovery disputes and other issues that would not fall under the more specific provisions governing General Motion

1

Practice.  Nevertheless, as reflected in the June 3, 2021 Report of Rule 26(f) Meeting (ECF Doc. No. 25), the parties conferred via telephone on May 14, 2021 and May 28, 2021 and expressly discussed a potential stay of the litigation pending the USPTO's reexamination.  In Section III of the Report, Plaintiffs indicated that they "disagreed that a stay was necessary" and "Defendants would need to file a formal motion to stay (as Defendants previously indicated they would be filing) in order for the Court to properly determine whether any stay is warranted." [*Id.*].  Thus, even if a meet and confer was required by the Court, Defendants have plainly complied with such obligations.

**B.**   **A Stay Would Not Unduly Prejudice Plaintiffs or Present a Tactical Advantage to Defendants**

   **1.**   **The Risk of Irreparable Harm to Plaintiffs Is Minimal**

   Plaintiffs argue that they will be irreparably harmed by a stay because the parties are direct competitors.  However, when (as here) the patent at issue stands finally rejected, courts routinely find a stay is warranted given that the likelihood of prejudice to plaintiff is minimal.  Compare Bos. Sci. Corp. v. Cordis Corp., 777 F. Supp. 2d 783, 789 (D. Del. 2011) (denying a stay where "[n]o final rejection has been issued"); with Fairchild Semiconductor Corp. v. Power Integrations, Inc., 100 F. Supp. 3d 357, 363 (D. Del. 2015) ("the fact that all asserted claims of the '972 patent stand finally rejected on reexamination and the low statistical likelihood of [plaintiff] obtaining success on appeal both favor[] a stay") (citations omitted); Traffic Info., LLC v. Huawei Techs. Co., No. 2:10-CV-145, 2012 WL 12892435, at *5 (E.D. Tex. May 30, 2012) (Because the plaintiff's "only hope is a successful appeal to the [Board of Patent Appeals and Interferences] and the Federal Circuit", the "Defendants will suffer needless prejudice if they are forced to litigate these cases now, including time-consuming and costly discovery."); United

Sweetener USA, Inc. v. Nutrasweet Co., 766 F. Supp. 212, 218 (D. Del. 1991) (staying the proceeding following a final rejection of the patent at issue by the USPTO).

Further, when the plaintiff "never sought a preliminary injunction, [it] suggests that any prejudice to [plaintiff] that might result from delaying the ultimate resolution of this dispute is not as severe as it contends." Destination Maternity Corp. v. Target Corp., 12 F. Supp. 3d 762, 768 (E.D. Pa. 2014) (quoting Ever Win Int'l Corp. v. Radioshack Corp., 902 F. Supp. 2d 503, 511 (D. Del. 2012)).  Plaintiffs' failure to seek a preliminary injunction in the present case similarly suggests that "irreparable harm" does not exist.  Plaintiffs argue that their decision not to seek a preliminary injunction "merely reflects their determination that Plaintiffs would likely be unable to satisfy the high burden of proof necessary to support a preliminary injunction without first obtaining discovery from Defendants."  (Opposition at 11).  This self-serving and conclusory argument is unpersuasive under the circumstances of the present case – especially given the USPTO's final rejection of the '461 Patent.

2.    **Plaintiffs' Claims of Prejudice Based on Delay Are Meritless**

Plaintiffs argue that delay will prejudice them because it hampers their ability to obtain fact discovery due to the chance that memories will fade and details will be forgotten.  However, "[d]elay inherent in the reexamination process does not constitute, by itself, undue prejudice." Infinity Computer Prod., Inc. v. Samsung Elecs. Am., Inc., 2013 WL 12207507, at *3 (E.D. Pa. Apr. 30, 2013) (quoting ICI Uniqema, Inc. v. Kobo Prods., Inc., 2009 WL 4034829, at *2 (D.N.J. Nov. 20, 2009).  There is no special risk here that the individuals with discoverable information will die or that the information will be lost beyond the risks inherent in any delay of a proceeding.  As such, Plaintiffs claims of prejudice based on delay are unfounded.

3.      **A Stay Would Not Present Defendants with a Tactical Advantage**

Plaintiffs take the false (and completely unfounded) position that "Defendants' request for a stay pending reexamination is a mere dilatory tactic." (Opposition at 13). Plaintiffs further argue that Defendants' decision to seek ex parte reexamination rather than inter partes review somehow weighs against a stay. (Opposition at 13). However, Plaintiffs' only support for this position is an unreported case in California. No case in this Circuit has ever come to a similar conclusion and, indeed, it is completely contradictory to the standards employed in this district. The question at issue is whether the stay itself and the resulting delay would "present a tactical advantage to the moving party". In re Laughlin Prod., Inc., 265 F. Supp. 2d 525, 530 (E.D. Pa. 2003). In turn, "the less time that a party waits to file a motion to stay pending reexamination, the less the movant's conduct gives rise to an inference that the delay in so doing was impermissibly tactical". Arkema Inc. v. Honeywell Int'l, Inc., No. 10-CV-2886, 2013 WL 5356844, at *3 (E.D. Pa. Sept. 25, 2013).

Here, Defendant broached the issue of a stay early in this litigation and filed the present motion shortly after the USPTO issued a final rejection of the claims in the '461 patent, thus resolving all of the issues in this case and minimizing any chance of prejudice to Plaintiffs from the stay. Defendants filed the present motion to avoid the unnecessary costs of litigation and burden on the court for a case that has been rendered moot. For Plaintiffs to nonetheless claim that Defendants actions are nothing more than a "dilatory tactic" with no justification is completely improper.

C.      **A Stay Will Simplify the Issues.**

Plaintiffs argue that the reexamination will not simplify the issues in this case because the reexamination is based on prior art references and Plaintiffs' falsely maintain that Defendants have abandoned their argument that the '461 patent is invalid based on prior art. As more fully

4

explained in Defendants' Counsels' motion to withdraw, Defendants have never abandoned these arguments.  More importantly, however, Plaintiffs' position is inherently contradictory.  Specifically, Plaintiffs paradoxically maintain that there is minimal overlap between the '461 Patent Reexamination and this proceeding, even though the USPTO's final rejection of the claims in the '461 Patent has currently resolved all of the issues in this case.  On this fact alone, Plaintiffs' position fails.

Plaintiffs further argue that the final rejection is not truly "final" because they have the opportunity to propose additional amendments and it is "[o]nly after such a [proposal] has been made and upon a further determination by the patent examiner that the claims still are not in condition for reissue can it be correctly stated that an appeal to the PTAB is required to overcome the rejection."  (Opposition at 16).  Plaintiffs' position misstates the law.  Under 37 C.F.R. § 1.116, Plaintiffs may not make proposed amendments prior to an appeal unless they make "a showing of good and sufficient reasons why the amendment is necessary and was not earlier presented".  There is no viable reason why Plaintiffs could not have presented a proposed amendment earlier, and thus the claims in the '461 Patent stand finally rejected pending a successful appeal.

## D.      This Case Is Still in Its Early Stages.

Plaintiffs argue, unconvincingly, that a stay is not merited because the parties have already expended significant resources on discovery.  (Opposition at 16-17).  In support of their position, Plaintiffs cite to Arkema, 2013 WL 5356844, at *7 and Innovative Off. Prod., Inc. v. Spaceco, Inc., , 2008 WL 4083012, at *2 (E.D. Pa. Aug. 28, 2008), neither of which supports denial of a stay.  Plaintiffs cite to Arkema because the court granted a stay where "no discovery had yet been conducted on two of the patents subject to reexamination, the parties had not begun claim construction, and dates had not been set for a *Markman* hearing, submission of disposition

motions, or for trial".  (Opposition at 17).  However, in <u>Arkema</u>, for the third patent at issue,

"substantial discovery ha[d] taken place", such that one party "produced over two million

documents, answered hundreds of interrogatories and requests for admissions, took fourteen fact

depositions, provided eleven expert reports, and took five expert depositions". <u>Arkema</u>, 2013

WL 5356844, at *7.  Despite this substantial discovery, the court found that a stay was

appropriate.  <u>Id</u>.  To be sure, nothing in <u>Arkema</u> indicates that a motion to stay must be filed

before claim construction or the scheduling of a Markman hearing.

      Similarly, while the <u>Innovative</u> court held that "substantial time and resources already

invested in the litigation weighs in favor of a stay", it did so because "fact discovery and expert

discovery [had] been completed and a trial date [was] pending." 2008 WL 4083012, at *5.  Thus,

the litigation in <u>Innovative</u> was significantly further along in the proceedings.  Here, from a

procedural perspective, the matter is still in its infancy.

## **CONCLUSION**

For all the foregoing reasons, Defendants' motion should be granted and this matter should be stayed pending the resolution of any appeal of the USPTO's final rejection of the '461 Patent.

Respectfully submitted,

By: */s/ Richard P. Gilly*

    Richard P. Gilly, Esq. (PA Bar ID 79469)
    ARCHER & GREINER, P.C.
    Three Logan Square
    1717 Arch Street, Suite 3500
    Philadelphia, PA 19103
    (215) 963-3300
    rgilly@archerlaw.com

    and

    Trevor J. Cooney, Esq. (PA Bar ID 86384)
    ARCHER & GREINER, P.C.
    One Centennial Square
    33 E. Euclid Ave.
    Haddonfield, NJ 08033
    (856) 616-2681
    tcooney@archerlaw.com

    Attorneys for Robert Joseph Gallagher, an
    individual and In The Field Defense, a
    sole proprietorship

Dated: September 13, 2021.

222017234v3