**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANKLIN ARMORY HOLDINGS, INC., a Nevada Corporation; and FRANKLIN ARMORY INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT JOSEPH GALLAGHER, an individual; and IN THE FIELD DEFENSE, a sole proprietorship,<br><br>Defendants. | CIVIL ACTION NO. 2:20-cv-5681 |

**MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION OF RICHARD P. GILLY, ESQ., TREVOR J. COONEY, JR., ESQ., AND KATE A. SHERLOCK, ESQ. TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**

Richard P. Gilly, Esq., Trevor J. Cooney, Jr., Esq., and Kate A. Sherlock, Esq. and the law firm of Archer & Greiner, P.C. (collectively "Counsel") respectfully move pursuant to Local Rule 5.1(c) for leave to withdraw as counsel to Defendants Robert Joseph Gallagher and In the Field Defense ("Defendants") in the above-captioned action, and in support thereof, respectfully submit the following.

**I.     PROCEDURAL HISTORY**

On November 13, 2020, Plaintiff filed its Complaint in this matter. (ECF Dkt. No. 1). On March 26, 2021, Defendants filed a Request for Ex Parte Reexamination of the '461 Patent with the USPTO. The USPTO instituted reexamination proceedings on April 22, 2021 stating that "a substantial new question of patentability" existed with respect to the '461 Patent. Defendants filed their initial Answer and Counterclaim on April 12, 2021, and their Amended Answer and Counterclaim on April 28, 2021. (Dkt. Nos. 14 and 17). The parties agreed to a Joint Scheduling Order, which the court entered on July 9, 2021. (Dkt. No. 33). Under this

Order Plaintiff served their Preliminary Infringement contentions on June 1, 2021, and Defendants served their Preliminary Invalidity Contentions on August 5, 2021.  On August 19, 2021, Counsel filed an opposed motion to withdraw as counsel for Defendants.  (Dkt. Nos. 39, 43, and 49).  On August 20, 2021, the USPTO issued a final Office Action in the '461 Patent Reexamination Proceeding.  Subsequently, on August 25, 2021, Defendants filed an opposed motion to stay the proceedings pending resolution of the '461 Ex Parte Reexamination.  (Dkt. Nos. 45, 53, 54).  On September 24, 2021, the Court granted Defendants' motion staying the proceedings pending a final resolution of the Ex Parte Reexamination and denied Defendants' motion to withdraw as counsel without prejudice to refiling upon the resolution of any and all appeals of the USPTO's rejection of the '461 Patent.  (Dkt. Nos. 56 and 57).  On February 17, 2022, the USPTO issued a Notice of Intent to Issue a Reexam Certificate, thereby allowing the '461 Patent claims to issue, albeit amended.  (See Dkt. No. 59).  On March 22, 2022, the USPTO issued the Certificate of Reexamination for the '461 Patent and terminated the Ex Parte Reexamination.  (Id.)  Pursuant to the Court's September 24, 2021 Order staying the proceedings, the Parties were required to file a joint status report informing the Court of the outcome of the USPTO appeal within ten days of the final resolution of any and all appeals of the USPTO's rejection of the '461 Patent.  (Dkt. No. 56).  On April 1, 2022, the Parties filed a joint status report informing the Court of the USPTO's amendments to the '461 Patent.  (Dkt. No. 59.)  The matter is currently stayed pursuant to the Court's September 24, 2021 Order.  (Dkt. No. 56).

## II.     FACTUAL BACKGROUND

In January 2021, Defendants retained Counsel to represent Defendants in connection with the instant litigation.  Mr. Robert Gallagher executed an engagement letter on behalf of

Defendants requiring Defendants to make a retainer payment to Counsel, in addition to requiring timely monthly payments for services rendered (the "Engagement Letter").  (Certification of Richard P. Gilly, Esq., ¶3).  Despite making such retainer payment, beginning in April of 2021, Defendants began to fall behind on their payments to Counsel for their services.  (Certification of Richard P. Gilly, Esq., ¶4). Counsel made repeated efforts to resolve Defendants' outstanding balance and lack of payment before filing its prior motion to withdraw.  (Id. at ¶5).  In the seven months since Counsel's previous motion to withdraw, Defendants' outstanding balance has only grown.  (Id. at ¶6).  Accordingly, the situation with Defendants has not improved and remains a significant concern warranting the Court's attention.

### III.    LEGAL ARGUMENT

Under Local Rule 5.1, withdrawal of counsel is permitted with leave of court. Local Rule of Civil Procedure 5.1(c).  Additionally, the Pennsylvania Rules of Professional Conduct, expressly adopted by this Court through Local Rule 83.6, permit attorney withdrawal when, as here, a client breaches an obligation as to expenses or fees or fails to fulfill an obligation to the lawyer. See Pa R.P.C. 1.16(b)(5) and (6).  As explained above, Counsel has repeatedly made efforts to obtain payment from Defendants to no avail.  Despite sending several letters to Defendants reminding them of their obligations under the Engagement Letter and indicating Counsel's intention to withdraw if Defendants did not significantly reduce their outstanding balance, Defendants have failed to respond and have continued to breach the terms of the Engagement Letter.

While a client may terminate the relationship with his lawyer at any time; a lawyer may only withdraw from the representation "for reasonable cause and upon reasonable notice." Novinger v. E.I. DuPont De Nemours & Co., Inc., 809 F.2d 212, 218 (3d Cir. 1987) (citing Spector v. Greenstein, 85 Pa. Super. 177 (1925)).  A Court must assess a request to

3

withdraw pursuant to Pennsylvania Rule of Professional Conduct 1.16(b) and Local Civil Rule 5.1(c). Taylor v. Stewart, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998). According to Local Rule 5.1(c), a court must weigh four factors in deciding whether withdrawal is appropriate: (1) the reason withdrawal is sought; (2) the prejudice withdrawal may cause to litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case. See Bryant v. Collins, cv 15-00302, 2015 WL 5460606, *1 (E.D.Pa. Sept. 16, 2015).

Rule 1.16(b) specifically provides that a lawyer may withdraw from representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services" or if the representation "will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Pa R.P.C. 1.16(b)(5) and (6). Moreover, federal and state courts in Pennsylvania have held that failure of a client to pay proper attorneys' fees or expenses after being reasonably requested to do so provides grounds for the withdrawal under Rule 1.16. See, Taylor v. Stewart, 20 F. Supp. 2d 882, 993 (E.D. Pa. 1998); see e.g. Alfa Modess Logistics, LLC v. Catalent Pharma Solutions, LLC, No. 09-3543, 2013 WL 1795459, at *2-3 (E.D. Pa. Apr. 29, 2013) (grating withdrawal where plaintiff owed counsel over $95,000 in legal fees).

In light of the USPTO's recent issuance of a reexamination certificate amending the claims of the '461 Patent, this case is in its infancy. If Counsel were required to continue representing Defendants through trial despite Defendants' outstanding balance and refusal to pay, Counsel would be taking on an unreasonable financial burden to perform extensive work without compensation for its services.

When assessing factor two, the prejudice withdrawal may cause to litigants, courts look to whether there are any impending deadlines or motions.  Compare Alfa Modess Logistics, LLC, 2013 WL 1795459, at *2-3 (noting that the party had "ample time … to begin the process of identifying replacement counsel" and  "their current counsel already briefed the dispositive motions in this case, thus minimizing the prejudice to them") with Carter v. City of Philadelphia, No. CIV. A. 98-2903, 2000 WL 537380, at *2 (E.D. Pa. Apr. 25, 2000) (noting that the party "would be forced to try this case pro se approximately five weeks from today if Counsel were permitted to withdraw").  Given this matter is currently stayed due to the Court's September 24, 2021 Order (Dkt. 56), and given Plaintiffs will likely need to file an amended complaint to address the amended claims of the '461 Patent, now is the right time for a change in counsel.  There are no current obligations and there will be no delay to the Court's schedule as there currently is no schedule.

For factors (3) and (4), courts look at whether the withdrawal will force the court to delay the resolution of the case or harm the administration of justice by forcing the party to proceed through dispositive motions or trial without counsel.  See Carter, 2000 WL 537380, at *2.  Conversely, where the party "will have ample time to find new counsel before the commencement of trial, and the trial will not be delayed by their search for counsel," courts find that these factors weigh in favor or withdrawal.  Alfa, 2013 WL 1795459, at *3; see also Greene v. Rubin, No. CIV. A. 95-2415, 1995 WL 723188, at *1 (E.D. Pa. Dec. 5, 1995) (noting that "the parties have apparently not commenced discovery" and "the withdrawal does not at this time appear that it will impose a significant delay in the resolution of the case").

Factors three and four similarly weigh in favor of withdrawal.  Given the case is currently stayed and the '461 Patent was just recently reissued with amendments, now is the appropriate

5

time for Defendants to locate new counsel. In addition, as noted in the parties' joint status report filed on April 1, 2022, Defendant Robert Gallagher is a Mechanic Petty Officer 1st Class in the Navy Reserve Force and has orders to report for duty on April 22, 2022. This case will likely qualify for an additional stay under the Servicemembers Civil Relief Act ("SCRA") while Mr. Gallagher is away on active duty, providing additional time for Defendants to locate new counsel.[1] 50 U.S.C. § 522; see White v. Young Men's Christian Ass'n of Delaware, No. CIV. A. 12-515-RGA, 2013 WL 1897835, at *2 (D. Del. May 6, 2013) (granting motion to stay pursuant to SCRA). Finally, in the event that Defendant Gallagher cannot obtain new counsel or chooses to proceed pro-se, he is a gunsmith and person of skill in the art, and is capable of addressing the substantive issues in this case, including what terms in the art mean, how his device operates differently from the '461 Patent, and what the prior art teaches. As such, granting Counsel's motion to withdraw will not further delay this case, nor is there any risk that the withdrawal will harm the administration of justice. Therefore, all four factors weigh in favor of granting Counsel's Motion for Leave to Withdraw.

## IV. CONCLUSION

Counsel cannot risk the substantial financial burden that will be caused by Defendants' continued material failure to fulfill Defendants' obligation to pay Counsel for its services. Consequently, for all the foregoing reasons, Counsel respectfully requests that this Court grant leave to Counsel to withdraw as counsel of record for Defendants.

---

[1] Defendant Gallagher's orders specify a period of deployment of up to 365 days, plus out-processing and accrued leave, unless released sooner by the order issuing authority. The orders may also be extended for a period of up to twenty-four (24) months. Counsel presently understands that while deployed, Mr. Gallagher will have very limited access to email and phone.

| | |
|---|---|
| Date: April 4, 2022 | */s/ Richard P. Gilly*  <br>Richard P. Gilly, Esq. (PA Bar ID 79469)<br>Trevor J. Cooney, Esq. (PA Bar ID 86384)<br>Kate A. Sherlock, Esq. (PA Bar ID 314633)<br>Three Logan Square<br>1717 Arch Street, Suite 3500<br>Philadelphia, PA 19103<br>Telephone: (215) 963-3300<br>Facsimile:  (215) 963-9999<br>rgilly@archerlaw.com<br>*Attorneys for Defendants*<br>*Robert Joseph Gallagher and In the Field Defense* |

223914659v2